UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
QSL CORPORATION d/b/a WAXCESSORIES      )
and CKQ DESIGNS, INC.,                  )
                                        )
        Plaintiffs,                     )
                                        )
        v.                              )        Civil Action No.
                                        )           05-cv-10395
                                        )
FIGI ACQUISITION COMPANY, LLC,          )
                                        )
        Defendant.                      )
_____   )


MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR AN ORDER ENJOINING
DEFENDANT FROM PROSECUTING CALIFORNIA DECLARATORY JUDGMENT ACTION

        Plaintiffs QSL Corporation d/b/a Waxcessories ("QSL") and CKQ

Designs, Inc. ("CKQ") submit this memorandum of law in support of

their motion for an Order enjoining defendant Figi Acquisition

Company, LLC ("Figi") from prosecuting a recently-filed and closely-

related action for a declaratory judgment in the United States

District Court for the Southern District of California.

        In this Massachusetts action, plaintiffs QSL and CKQ contend

that defendant Figi is infringing their United States Design Patent

No. D-501,205, entitled "Holder/Charging Stand For A Mobile Phone Or

The Like," issued on January 25, 2005 (the '205 patent).  In the

California action, Figi seeks a judgment against QSL and CKQ,

declaring that the patent is invalid and that Figi has not infringed.

        As set forth below, although the California action was filed

first, this Court should enjoin Figi from proceeding in California due to Figi's bad faith commencement of the California action and due to the balance of convenience of the parties and witnesses. Figi's race to the courthouse with an unsupported and unsupportable declaratory judgment action is nothing more than a transparent ploy designed to give Figi an unfair advantage over plaintiffs. Figi, not QSL or CKQ, is the real defendant in this matter, and the lawsuit should proceed here.

## BACKGROUND AND INTRODUCTION

Plaintiffs QSL and CKQ are Massachusetts corporations with their only places of business at 20 Commercial Drive, Dracut, Massachusetts. QSL and CKQ are small but growing family-owned businesses that design and market ceramic candle accessories and other household products. Among these products are ceramic mobile phone holders and charging stands, which QSL markets under the trademark PHONE WHERE. (Affidavit of Sean M. Quinn, ¶ 1).

QSL has a total of about 45 employees, all located in Dracut, Massachusetts. Sean Quinn is QSL's CEO. His mother, Carol A. Quinn, is the Chairman of the Board of QSL; and his sister, Sandra L. Grenier, is the Secretary and Treasurer. (Affidavit of Sean M. Quinn, ¶¶ 1-2).

CKQ has three employees: namely, Sean Quinn's brother, Kevin Quinn, who is the President; their father, Frank Quinn, the

Treasurer; and their mother, who is the Secretary. (Affidavit of Sean M. Quinn, ¶ 3).

On information and belief, defendant Figi is a Delaware corporation, with its place of business in California.  On further information and belief, Figi is a large, national company that sells gifts and accessories for the garden and home.  According to the Figi website at www.figi.net, it has showrooms in Chicago, Atlanta, Los Angeles, and Dallas.  Also on information and belief, Figi has at least one sales representative in Massachusetts and has substantial business here.  (Affidavit of Sean M. Quinn, ¶ 4).  Accordingly, Figi is clearly subject to personal jurisdiction in Massachusetts.

In or about November 2004, plaintiffs learned that defendant Figi was offering for sale mobile phone holders that, because of their substantial similarity to QSL's products, were apparently copied from plaintiffs' proprietary design.  On November 17, 2004, counsel for QSL sent a cease and desist letter to Figi, urging Figi to stop selling the copied cell phone holders, and informing Figi that QSL would receive patent protection in the near future.  (Letter from John Welch to Figi, dated November 17, 2004, attached as Exhibit A).

In late November 2004, in response to the cease and desist letter, counsel for Figi requested more information pertaining to the pending patent.  Counsel for QSL provided what information it had,

- 3 -

and informed counsel for Figi that it would forward the patent as
soon as it issued.

On December 28, 2004, counsel for Figi sent a letter to counsel
for QSL, averring that Figi had yet to receive "evidence of an
intellectual property right owned by your client," and requesting "a
release of any claims of infringement."  The letter further stated as
follows:

> Given the uncertainty created by your demands, if
> we do not receive the release requested herein
> **within thirty (30) days of the date of this
> letter**, we will have no choice but to proceed with
> an action for declaratory relief, seeking to
> invalidate any patent application which you may
> have submitted to the United States Patent Office,
> and seeking a declaration of noninfringement.  **We
> hope that such legal action will not be necessary**,
> and respectfully request that you agree to
> withdraw your demands and allow our respective
> clients to continue to simply compete freely in
> the marketplace. [emphasis supplied]

(Letter from Peter Schultz to John Welch dated December 28, 2004,
attached as Exhibit B).

What the letter failed to mention, and what Figi failed to
disclose to QSL until more than a month later, was that on that same
day -- December 28, 2004 -- Figi filed a declaratory judgment action
against QSL in the U.S. District Court for the Southern District of
California.  (Declaratory Judgment Complaint, attached as Exhibit C;
print-out from PACER, attached as Exhibit D).  Figi's complaint
sought a declaratory judgment that the patent was invalid (even
though the patent had not issued yet) and that Figi had not

infringed.  Although Figi's complaint attached numerous pieces of
correspondence between the parties, it conspicuously and conveniently
failed to attach a copy of the December 28, 2004 letter.[1]  At the
time of filing its stealth complaint, and for over a month
thereafter, Figi made no effort to serve the Summons and Complaint.
Accordingly, QSL had no idea that it had been sued.

On January 25, 2005, the '205 patent duly issued.  The patent
lists Kevin Quinn as the inventor and CKQ as the assignee.  QSL is
the exclusive licensee of the patent.

Also on January 25, 2005, with no knowledge that Figi had filed
a declaratory judgment action, counsel for QSL faxed counsel for Figi
a copy of the '205 patent, as Figi had requested.  (Letter from John
Welch to Peter Schultz dated January 25, 2005, attached as Exhibit
E).  Still, Figi chose not to inform QSL of the lawsuit in
California.  Instead, Figi used the information it had received from
QSL to craft an amended complaint against QSL, adding CKQ as a
defendant.[2]  Moreover, as part of its nefarious scheme to harass QSL,
Figi also saw fit to add Kevin Quinn as a defendant, even though it
was obvious on the face of the '205 patent that Mr. Quinn had
assigned all his rights, and even though Figi had no basis to believe
that the California court had personal jurisdiction over Kevin Quinn.

---

[1] Indeed, Figi's First Amended Complaint, which is discussed below, also fails
to include the December 28, 2004 letter.

Only at the insistence of QSL and CKQ did Figi ultimately drop its bogus claims against Mr. Quinn.

On February 4, 2005, having amended its stealth complaint, counsel for Figi finally sent a letter to counsel for QSL, disclosing for the first time that Figi had filed the California action. The letter enclosed the First Amended Complaint, along with "Waivers of Service of Summons" forms, pursuant to which Figi requested that counsel for QSL and CKQ accept service on their behalves. Counsel for QSL and CKQ has not accepted service, and Figi has not otherwise effectuated service. Indeed, QSL and CKQ have yet to appear in the California action.

Following the February 4, 2005 letter, in spite of Figi's trickery, counsel for QSL and CKQ nonetheless sought to negotiate a resolution of the dispute with counsel for Figi by telephone and e-mail correspondence. Each side made a settlement proposal. After the close of business in Massachusetts on Friday, February 25, 2005, however, Figi sent an e-mail rejecting the latest offer from QSL and CKQ and refused to issue a counter-offer. QSL and CKQ therefore filed the Complaint in this action on Tuesday, March 1, 2005. The next day, QSL and CKQ served the Complaint and Summons in this action upon defendant Figi.

---

[2] The '205 patent, the Complaint, and the First Amended Complaint in the California action erroneously list CKQ Designs as "CKO" Designs. CKQ has informed the patent office and counsel for Figi of this error.

## ARGUMENT

Plaintiffs QSL and CKQ seek an Order enjoining defendant Figi from prosecuting the declaratory judgment action in California. This Court has the power to enjoin Figi from prosecuting that case. See William Gluckin & Co., Inc. v. International Playtex Corp., 407 F.2d 177, 178, 180 (2d Cir. 1969) (affirming order restraining Playtex from prosecuting patent infringement suit in Georgia in favor of declaratory judgment action in New York); National Equipment Rental, Ltd. v. Fowler et al, 287 F.2d 43, 46 (2d Cir. 1961) (affirming order enjoining Fowler from prosecuting Alabama action in favor of New York action); United Fruit Co. v. Standard Fruit and Steamship Co., 282 F.Supp. 338, 340 (enjoining defendant from further proceeding with Louisiana action pending Massachusetts action). Here, the Court should enjoin Figi from prosecuting the California action because that action was brought surreptitiously, in bad faith, merely as an attempt to gain an unfair advantage over plaintiffs. Moreover, the convenience of the parties and witnesses favors litigation in Massachusetts.

### Litigation Should Proceed in Massachusetts, not California.

Where two identical[3] actions are pending concurrently in two federal courts, there is a general rule in favor of the first-filed

---

[3] Figi's declaratory judgment action also seeks relief relating to potential trade dress rights that QSL and CKQ might have in their cell phone holders. The letter from QSL's counsel to Figi's counsel dated January 25, 2005, however, clarified that QSL and CKQ were not claiming trade dress rights, but are relying only on the design patent.

action, although "[e]xceptions...are not rare, and are made when justice or expediency requires..." Genentech, Inc. v. Eli Lilly & Co., 998 F.2d 931, 937-38 (Fed. Cir. 1993), overruled on other grounds by Wilton v. Seven Falls Co., 515 U.S. 277, 289 (1995); Dupont Pharmaceuticals Co. v. Sonus Pharmaceuticals, Inc., 122 F.Supp. 2d 230, 231 (D.Mass. 2000) ("The trial court's discretion serves to temper the first-filed rule."). In particular, the presumption given to the first-filed action may be overcome where (1) special circumstances favor the later-filed action or (2) convenience factors favor the later-filed action. See e.g., Kleinerman v. Luxtron Corp., 107 F.Supp.2d 122, 124-25 (D.Mass. 2000) (giving preference to second-filed action due to special circumstances after consideration of convenience factors).

Here, as explained below, even though the California action was filed first, the special circumstances of this case -- i.e. because the California case was filed in bad faith for the sole purpose of securing a preferred forum for Figi -- dictate that the later-filed Massachusetts case should proceed. In addition, it would be more convenient to proceed in Massachusetts than in California.

### A. Special Circumstances, Such as Bad Faith, Nullify the General Presumption in Favor of the First-Filed Action.

The presumption in favor of the first-filed action is nullified where, as here, a lawsuit is filed for the sole purpose of winning a race to the courthouse in order to gain a preferred forum. See Kleinerman, 107 F.Supp.2d at 124; Big Baby Co. v. Schecter, 812

F.Supp. 442, 443 (S.D.N.Y. 1993) (giving no weight to first-to-file rule where first-filed complaint for declaratory judgment was not served until after patent holders initiated later-filed action for infringement); <u>Republic Insurance Co. v. Sinclair Oil Corp.</u>, 791 F.Supp. 278, 280-81 (D. Ut. 1992) ("Courts have demonstrated reluctance to entertain declaratory judgment actions which have been filed in anticipation of another lawsuit and in an attempt to forum shop.").

In particular, bad faith on the part of the plaintiff in the first-filed case voids the general presumption favoring the first-filed case. See <u>e.g.</u>, <u>Republic</u>, 791 F.Supp. at 280-82. For example, a plaintiff who misleads a defendant into foregoing litigation in order to negotiate a settlement and then files suit will not be rewarded for his or her misconduct. See <u>Davox Corp. v. Digital Sys. Int'l, Inc.</u>, 846 F.Supp. 144, 148 (D.Mass. 1993)(refusing to hear first-filed action where plaintiff promised to negotiate with defendant, but instead filed complaint seeking declaratory judgment).

Here, the Court should enjoin defendant Figi from prosecuting its California declaratory judgment action because from the outset Figi consistently acted in bad faith and misled QSL and CKQ as to its intentions. After QSL sent a cease and desist letter in November 2004, Figi sent a letter to QSL on December 28, 2004, threatening to commence a declaratory judgment action <u>in thirty days</u>. The letter strongly implied that Figi had not yet filed such an action and would

not do so until at least the end of January 2005.  In reality, however, Figi had filed the declaratory judgment action <u>that same day</u>.

On January 25, 2005, the day the patent issued, QSL provided a copy of the patent to Figi as part of the parties' on-going discussions.  Figi, however, still failing to disclose that it had filed suit a month before, used the information contained in the patent to craft an amended complaint against QSL and CKQ, and even added the inventor of the patented design, Kevin Quinn, as a defendant -- although Figi knew that he had assigned all his rights in the patent.  Only then, having amended its December complaint, did Figi belatedly inform QSL and CKQ that it had filed a declaratory judgment action.

If there were any doubt as to the bad faith nature of Figi's conduct, one need only look at the December 28, 2004 complaint that it filed. In that complaint, Figi sought a declaratory judgment of patent invalidity and non-infringement **<u>even though the patent had not issued yet.</u>**

It is thus obvious that the sole reason Figi filed its declaratory judgment action was to obtain a perceived tactical advantage by securing its favored forum.  This court should not reward such reprehensible conduct.  Indeed, if Figi were allowed to proceed with the California case, Figi would be rewarded for "conduct which is inconsistent with the sound policy of promoting

- 10 -

extrajudicial dispute resolution, and conservation of judicial resources." <u>Davox</u>, 846 F.Supp. at 148.

In the context of a patent case in particular, special circumstances may arise that defeat the first-filed rule where, as here, (1) a patent holder notifies an alleged infringer of suspected infringement, (2) good faith negotiations between the parties ensue, and (3) the alleged infringer then files a declaratory judgment action in his or her preferred forum. <u>See Kleinerman</u>, 107 F.Supp.2d at 124-25. Here, as in <u>Kleinerman</u>, QSL notified Figi of its infringing activities in an attempt to pursue what it thought were good faith negotiations, only to learn that Figi had already filed a declaratory judgment action in California. Accordingly, the Court should enjoin Figi from prosecuting the California case.

**B. Convenience Factors Nullify the General Presumption in Favor of the First-Filed Action.**

The general preference accorded the first-filed action is also defeated where the balance of convenience factors favor allowing the second-filed action to proceed. <u>See Kleinerman</u>, 107 F.Supp.2d at 125. There are multiple factors used to measure the convenience of litigating in a certain court: "1) the plaintiff's choice of forum, 2) the convenience of the parties, 3) the convenience of witnesses and location of documents, 4) any connection between the forum and the issues, 5) the law to be applied and 6) the state or public interest at stake." <u>Id.</u>

- 11 -

There is a strong presumption in favor of plaintiffs QSL and CKQ's chosen forum of Massachusetts, a presumption made even stronger by the fact that it is their home forum.  See id.  In addition, it would, on balance, be more convenient for the parties to litigate in Massachusetts than in California, given that Figi is a large organization that sells its products nationwide, including in Massachusetts.  Massachusetts is more convenient in terms of QSL and CKQ's witnesses and documents, including witnesses and documents relating to the invention of the '205 patent.  Massachusetts also has a strong interest in hearing this dispute, because it involves two local, family-owned businesses that have been subjected to the machinations of an out-of-state patent infringer.

In sum, given the strong preference in favor of plaintiffs' choice of forum, the interest of the Commonwealth in protecting its citizens, and the relative size of the parties, the convenience factors favor enjoining Figi from prosecuting the California action.

## CONCLUSION

For all the foregoing reasons, plaintiffs QSL Corporation d/b/a Waxcessories and CKQ Designs, Inc. respectfully request that this Court grant their Motion for an Order enjoining Defendant Figi Acquisition Company, LLC from prosecuting its declaratory judgment action in the United States District Court for the Southern District of California.

Respectfully submitted,

QSL CORPORATION d/b/a WAXCESSORIES and
CKQ DESIGNS, INC.,

By their attorneys,


 /s/ Ian J. McLoughlin
John L. Welch  BBO No. 522,040
Ian J. McLoughlin  BBO No. 647,203
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA  02210
617/832-1000

Dated: March 4, 2005

11/17/2004 WED 14:11  FAX 617 *** 7000  FOLEY HOAG



**FOLEY**
**HOAG** LLP
ATTORNEYS AT LAW

John L. Welch
Counsel
Boston Office
617/832-1250
jwelch@foleyhoag.com

November 17, 2004

Figi, LLC
3636 Gateway Center Avenue
San Diego, CA 92102

Re: Ceramic Cell Phone Holders

Dear Sir or Madam:

This firm serves as intellectual property counsel to QSL Corporation of Dracut, Massachusetts. QSL designs and markets ceramic candle accessories and other household products, under the names WAXCESSORIES and INSIGHTS. Among the products that it created and now sells is a ceramic cell phone holder marketed under the trademark PHONE WHERE. A photograph of its product is enclosed.

It has just come to our attention that your company is offering for sale cell phone holders that are undoubtedly copied from our client's proprietary PHONE WHERE design. Several of the many variations of your company's product are depicted in the attached photographs. Our client is the owner of trademark rights in the overall shape of its cell phone holder, and furthermore will be receiving patent protection on its product in the near future.

We strongly urge your company to immediately cease and desist from all further sales of the copied cell phone holder, and to confirm same in writing. We look forward to your prompt response.

Yours very truly,

John L. Welch

JLW/jw
enclosures

**EXHIBIT A**
Memorandum of Law in Support of Motion for an
Order Enjoining Defendant from Prosecuting
California Declaratory Judgment Action

11/17/2004 WED 14:12  FAX 617



11/17/2004 WED 16:13   FAX 617 -- 1000 ----- ----



Clyde C. Greco, Jr.
Paul A. Traficante
Michael M. Edwards
Peter J. Schulz
Jon S. Brick

Philip M. McKenney
Scott B. Hilberg
Stephen F. Yurcich
Craig A. Weeber
Bay Baniadam
Laleaque Grad*
Brandy P. Tyler
Christopher D. Shurland

*Also Admitted in Arizona & Nevada

Law Offices
GRECO TRAFICANTE & EDWARDS
A Professional Corporation
555 West Beech Street, Suite 500
San Diego, CA 92101

Northern California Office
9555 Crossroads Drive
Redding, CA 96003

Of Counsel
Stanley J. Wezelman
Phillip H. Howard

Legal Administrator
Lisa M. Class

Telephone
(619) 234-3660
Facsimile
(619) 234-0626

www.gtelaw.com
email: info@gtelaw.com

December 28, 2004

John L. Welch, Esquire
FOLEY & HOAG, LLP
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 92210-2600

Re:   OSL CORPORATION v. FIGI, LLC
      Ceramic Cell Phone Holders
      Our File No.: FIG-068

Dear Mr. Welch:

I am writing to advise you that we still have not received any evidence of an intellectual property right owned by your client which supports your demand that Figi Acquisition, LLC, cease and desist from further advertisement, manufacture and sale of its ceramic and resin cell phone holders. To date, you have not provided any evidence or legal argument which justifies our recommendation that Figi consent to your demands. Therefore, those demands are rejected, and our client respectfully requests that you provide us with a release of any claims of infringement.

Our respective clients' products are not substantially similar such as to cause confusion in the marketplace. Your client's product does not incorporate any protectable, nonfunctional shape or design. In fact, the design of your client's cell phone holder is well known in the prior art, and I personally have seen that shape used by many cell phone manufacturers. There is nothing new, novel or unique about your client's product. In fact, our client's products are far less generic and much more likely to be viewed as protectable designs.

Given the uncertainty created by your demands, if we do not receive the release requested herein within thirty (30) days of the date of this letter, we will have no choice but to proceed

F:\FIGI\FIG068\corresp\Welch 122804.wpd

## Greco Traficante & Edwards

John L. Welch, Esquire
December 28, 2004
Page 2

with an action for declaratory relief, seeking to invalidate any patent application which you may have submitted to the United States Patent Office, and seeking a declaration of noninfringement.  We hope that such legal action will not be necessary, and respectfully request that you agree to withdraw your demands and allow our respective clients to continue to simply compete freely in the marketplace.

Very truly yours,

Peter J. Schulz
Of
GRECO TRAFICANTE & EDWARDS

PJS:nrs

cc:  Clyde C. Greco, Jr., Esquire
     Mark Ellis, President and CEO, Figi, LLC

F:\FIGI\FIG068\corresp\Welch 122804.wpd

1   Peter J. Schulz, Esquire, State Bar No. 167646
      LAW OFFICES

2   **GRECO TRAFICANTE & EDWARDS**
      555 WEST BEECH STREET, SUITE 500

3   SAN DIEGO, CALIFORNIA 92101
      (619) 234-3660/FAX: (619) 234-0626

4   Attorneys for Plaintiff  FIGI ACQUISITION LLC          DEPUTY

5

6

7

8                  **UNITED STATES DISTRICT COURT**

9                 **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  FIGI ACQUISITION COMPANY, LLC, a ) Civil Action No.
    Delaware Limited Liability        )  **'04 CV 2579 JM    (AJB)**
12  Company,                          )
                                      )  **COMPLAINT FOR:**
13                  Plaintiff,        )  **1)    DECLARATORY RELIEF OF**
                                      )        **PATENT INVALIDITY AND**
14       vs.                          )        **NONINFRINGEMENT; AND**
                                      )  **2)    DECLARATORY RELIEF OF NON-**
15  QSL CORPORATION, INC., a          )        **INFRINGEMENT OF TRADE**
    Massachusetts Corporation,        )        **DRESS**
16                                    )
                    Defendant.        )
17  _____)

18       Plaintiff, FIGI ACQUISITION COMPANY, LLC, alleges as follows:

19                       **THE PARTIES**

20       1.    Plaintiff FIGI ACQUISITION COMPANY, LLC, (hereinafter

21  "FIGI") is a Delaware Limited Liability Company, doing business in

22  the State of California, with its principal place of business

23  located within the State of California.

24       2.    QSL CORPORATION, (hereinafter "QSL") is a corporation,

25  incorporated under the laws of the State of Massachusetts, with

26  its principal place of business located within the State of

27  Massachusetts.

28                             1

**EXHIBIT C**
Memorandum of Law in Support of Motion for an
Order Enjoining Defendant from Prosecuting
California Declaratory Judgment Action

1                    **JURISDICTION AND VENUE**

2      3.    This is an action seeking declaratory relief regarding

3  the validity of an alleged United States Patent as well as

4  declaration of noninfringement of an alleged United States Patent.

5  As such, the claims herein alleged, and described more fully

6  herein, arise under federal law and involve federal questions as

7  to each parties' rights and available remedies, pursuant to the

8  Acts of Congress relating to patents.  Jurisdiction therefore

9  exists pursuant to 28 U.S.C. § 1338(a)-(b).

10     4.    Personal jurisdiction and venue in the United States

11 District Court for the Southern District of California are proper,

12 as both Plaintiff and Defendant conduct business in the Southern

13 District of California.

14                    **FACTUAL ALLEGATIONS**

15     5.    Plaintiff designs, manufactures, and distributes a

16 product line known as Ceramic Cell Phone Holders.  Ceramic Cell

17 Phone Holders are decorative ceramic art with the functional

18 capacity of being able to hold a cell phone with an opening below,

19 which allows for the charger cord of the phone to go unseen and

20 still provide charging features for the phone.  The decorative

21 holders are similar in shape to cell phone "base chargers" offered

22 by the many manufacturers of cell phones, but are intended to be

23 more decorative.  Pictures of Plaintiff's Ceramic Cell Phone

24 Holders from Plaintiff's catalog are attached hereto as **Exhibit 1.**

25     6.    QSL allegedly designs and markets ceramic accessories,

26 including ceramic cell phone holders marketed under the name PHONE

27 WHERE.  A photocopy provided to Plaintiff by counsel for QSL,

28                              2

                   COMPLAINT FOR DECLARATORY RELIEF

1  depicting its generic, non-decorative ceramic cell phone holder,

2  is attached hereto as **Exhibit 2**.

3      7.    QSL has alleged that it has applied for a U.S. Patent on

4  the product, and the purported application has been allowed.

5  Notwithstanding Plaintiff's request for information, QSL has

6  refused to provide any information about the alleged patent,

7  including the application serial number, and/or whether it was a

8  design patent or a utility patent.

9      8.    On November 17, 2004, Defendant sent a cease-and-desist

10 letter to Plaintiff regarding its sales of its Ceramic Cell Phone

11 Holders.  Defendant based this demand to cease and desist on its

12 claim of trade dress protection over the shape of the cell phone

13 holder, along with unspecified patent protection over the cell

14 phone holder's design and/or utility.  A copy of defendant's

15 cease-and-desist letter is attached hereto as **Exhibit 3**.

16     9.    On November 19, 2004, Plaintiff responded to Defendant's

17 cease-and-desist demand on the basis that Defendant had not

18 provided any evidence of ownership of protectable intellectual

19 property rights, or any useful information that would allow

20 Plaintiff to analyze the demand.  A copy of Plaintiff's 11/19/04

21 letter is attached hereto as **Exhibit 4**.   Further information was

22 again requested on November 30, 2004. See **Exhibit 5**.

23     10.   On December 6, 2004, Defendant responded by continuing

24 to assert trade dress rights and unspecified patent protection

25 without providing any further information, and advised Plaintiff

26 that its continued sales would be "at its peril."  A true and

27 correct copy of Defendant's December 6, 2004, letter is attached

28                              3

1    hereto as **Exhibit 6**.

2        11.    In light of Defendant's unspecified allegations of trade

3    dress and patent infringement, and threat of litigation, Plaintiff

4    requires a judicial declaration from this Court that its Ceramic

5    Cell Phone Holders do not infringe any intellectual property

6    rights of Defendant.

7                        **ACTUAL CONTROVERSY**

8        12.    An actual controversy has arisen and now exists between

9    the parties as to: (a) the validity of QSL's alleged U.S. Patent;

10   (b) whether Plaintiff has infringed QSL's alleged U.S. Patent; (c)

11   the validity of QSL's alleged trade dress over the shape of its

12   ceramic cell phone holder; and (d) whether Plaintiff has infringed

13   QSL's alleged trade dress.

14       13.    Accordingly, Plaintiff desires a judicial declaration by

15   this Court as to each parties' rights.

16       14.    A declaratory judgment is necessary in that Plaintiff

17   contends, and Defendant denies, that: (a) the alleged U.S. Patent

18   is invalid; (b) Plaintiff's product does not infringe any U.S.

19   Patent; (c) QSL does not own protectable trade dress over the

20   shape of its ceramic cell phone holder; and (d) Plaintiff has not

21   infringed any trade dress rights of QSL.

22                  **PRAYER FOR DECLARATORY JUDGMENT**

23       WHEREFORE, Plaintiff prays for a declaratory judgment against

24   Defendant as follows:

25       1.    That QSL's alleged U.S. Patent is invalid;

26       2.    That Plaintiff has not, nor has it ever sold any product

27   that infringes QSL's alleged U.S. Patent;

28                                4

1  3. That the shape of QSL's ceramic cell phone holder is not

2 protectable trade dress;

3  4. That Plaintiff has not infringed QSL's alleged trade

4 dress;

5  5. That Plaintiff be awarded its costs, expenses, and if

6 provided for by law, its attorney's fees; and

7  4. For such other and further relief as the Court deems

8 just and proper.

9 DATED: December 28, 2004  Respectfully submitted,

10        GRECO TRAFICANTE & EDWARDS

11

12        By: _____

           Peter J. Schulz, Esquire

13         Attorneys for Plaintiff

           FIGI ACQUISITION, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27 F:\FIGI\FIG068\Pleadings\Complaint.wpd

28          5

        COMPLAINT FOR DECLARATORY RELIEF

# Ceramic Cell Phone Holders

**CEL-E4D: 30 PC. CELL PHONE HOLDER PROGRAM WITH COUNTER DISPLAY — $170.00**
CONSISTS OF 3 EACH OF 10 STYLES PLUS DISPLAY, INCLUDING **3 CAT CELL PHONE HOLDERS @ NO CHARGE.**
*(Western sold separately)*

CEL-E4D

*Each Ceramic Cell Phone Holder comes packaged in a Figi box with photo label.*





**80-CELL**
*1-2000* ①
COUNTER DISPLAY
12" x 20"
80-CELL

**A** CEL-ROS-101
*3-500* ③
ROSES - *Ceramic*
2.75" x 4.75" x 3.75"
CEL-ROS-101




**B** CEL-BTF-101
*3-500* ③
BUTTERFLIES - *Ceramic*
2.75" x 4.75" x 3.75"
CEL-BTF-101




**C** CEL-HBD-101
*3-500* ③
HUMMINGBIRD - *Ceramic*
2.75" x 4.75" x 3.75"
CEL-HBD-101



CALL TOLL FREE: 800-678-FIGI    www.figi.net



CELL PHONE HOLDERS

**D** CEL-SLG-101
*3-500* ③
LIGHTHOUSE - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-SLG-101

**H** CEL-TBR-101
*3-500* ③
TALKING TEDDYBEARS -
*Ceramic*
2.75" x 4.75' x 3.75"
CEL-TBR-101

**E** CEL-CAT-102
*3-500* ③ ★★★
CAT - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-CAT-102

**I** CEL-VIN-101
*3-500* ③
VINEYARD WINE - Ceramic
2.75" x 4.75' x 3.75"
CEL-VIN-101

**F** CEL-FSH-101
*3-500* ③
FISHING - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-FSH-101

**J** CEL-GLF-101
*3-500* ③
GOLF - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-GLF-101

*Western sold separately*

**G** CEL-TRP-101
*3-500* ③
TROPICAL - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-TRP-101

**K** CEL-WST-101
*3-500*
WESTERN - Ceramic
2.75" x 4.75' x 3.75"
*Western sold
separately.*
CEL-WST-101

CALL TOLL FREE: 800-678-FIGI     www.figi.net

# *Resin Cell Phone Holders*

**CELR-A5D: 15 PC. RESIN CELL PHONE HOLDER PROGRAM**
**WITH COUNTER DISPLAY — $95.00**
CONSISTS OF 3 EACH OF 5 STYLES PLUS DISPLAY, INCLUDING
**3 CAT CELL PHONE HOLDERS ⊘ NO CHARGE.**
*(Western sold separately)*

CELR-A5D



**80-CELL**
*1-2000* ①
COUNTER DISPLAY
12" x 20"
**80-CELL**

*Each Ceramic Cell Phone Holder comes packaged in a Figi box with photo label.*

**A** CEL-CAT-103
*3-500* ③ ★★★
CAT
4.5" x 3" x 6"
CEL-CAT-103

**B** CEL-CHR-101
*3-500* ③
CHERRIES
3.25" x 2.75" x 3.75"
CEL-CHR-101

**C** CEL-FLM-101
*3-500* ③
FLAMINGO
4.5" x 3.5" x 4.5"
CEL-FLM-101

**D** CEL-SPR-101
*3-500* ③
ALL SPORT
4" x 4" x 4.25"
CEL-SPR-101

**E** CEL-SWT-101
*3-500* ③
SOUTHWEST
3.5" x 3.25" x 4.25"
CEL-SWT-101

**Western sold separately**

**F** CEL-WST-102
*3-500*
WESTERN
3.25" x 3" x 3.5"
*Western sold separately.*
CEL-WST-102











11/17/2004 WED 14:11  FAX 617 832 7000 FOLEY HOAG                                    @003/00



**BLUEBIRD** (888) 477-0700
OFFICE SUPPLIES  www.bluebirdstore.com

ent by: GRECO & TRAFICANTE                    619 234 0626;        11/18/04  2:02PM; *JetFax* #821;Page 2/9
   11/17/2004 WED 14:10  FAX 61____ 7000 FOLEY HOAG                                              ☑001/00



# FOLEY HOAG LLP
### ATTORNEYS AT LAW

# Fax

| | | | | |
|---|---|---|---|---|
| Date: | November 17, 2004 | | | |

| | | | | | |
|---|---|---|---|---|---|
| To: | Figi, Inc. | Fax #: 618-262-3508 | | Confirm#: 800-878-3444 | |

Client Matter#:    23424-800

| | | | | | | |
|---|---|---|---|---|---|---|
| From: | John L. Welch | Sender's Number: | 617-832-1258 | User #: | 7242 | |
| Total Pages Sent (Including Cover Sheet): | | 5 | | Office: | Boston | |

**Message**

**IMPORTANT – PLEASE READ**
THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED
RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF
THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR AN AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT.
YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR
COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY
BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.

IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION PLEASE TELEPHONE THE SENDER.

Seaport World Trade Center West / 165 Seaport Blvd. / Boston, MA 02210-2600 / TEL: 617.832.1000 / FAX: 617.832.7000
Foley Hoag LLP            BOSTON            WASHINGTON, DC                    www.foleyhoag.com

nt by: GRECO & TRAFICANTE          619 234 0626;          11/18/04  2:02PM; JetFax #821; Page 4/9

11/17/2004 WED 14:11  FAX 617 8  000 FOLEY HOAG                              @003/00



ent by: GRECO & TRAFICANTE          619 234 0626;        11/18/04  2:02PM;*JetFax* #821;Page 3/9
11/17/2004 WED 14:11  FAX 61█  7000 FOLEY HOAG                              █002/00



# FOLEY
# HOAG LLP
ATTORNEYS AT LAW



John L. Welch
Counsel
Boston Office
617/832-1258
jwelch@foleyhoag.com

November 17, 2004

Figi, LLC
3636 Gateway Center Avenue
San Diego, CA 92102

Re: Ceramic Cell Phone Holders

Dear Sir or Madam:

This firm serves as intellectual property counsel to QSL Corporation of Dracut, Massachusetts. QSL designs and markets ceramic candle accessories and other household products, under the names WAXCESSORIES and INSIGHTS. Among the products that it created and now sells is a ceramic cell phone holder marketed under the trademark PHONE WHERE. A photograph of its product is enclosed.

It has just come to our attention that your company is offering for sale cell phone holders that are undoubtedly copied from our client's proprietary PHONE WHERE design. Several of the many variations of your company's product are depicted in the attached photographs. Our client is the owner of trademark rights in the overall shape of its cell phone holder, and furthermore will be receiving patent protection on its product in the near future.

We strongly urge your company to immediately cease and desist from all further sales of the copied cell phone holder, and to confirm same in writing. We look forward to your prompt response.

Yours very truly,

John L. Welch

JLW/jw
enclosures

Seaport World Trade Center West / 155 Seaport Blvd. / Boston, MA 02210-2600 / TEL: 617.832.1000 / FAX: 617.832.7000
Foley Hoag LLP          BOSTON          WASHINGTON, DC          www.foleyhoag.com

ent by: GRECO & TRAFICANTE          619 234 0626;          11/18/04  2:03PM; JetFax #821; Page 5/9
          11/17/2004 WED 14:12  FAX 617*** 7000 FOLEY HOAG                                    @004/00



ent by: GRECO & TRAFICANTE          619 234 0626;          11/18/04  2:03PM; JetFax #821;Page 6/9
      11/17/2004 WED 14:13  FAX 617    7000 FOLEY HOAG                              @005/00



Clyde C. Greco, Jr.
Paul A. Traficante
Michael M. Edwards
Peter J. Schulz
Jon S. Brick

Philip M. McKenney
Scott B. Hilberg
Stephen F. Yurcich
Craig A. Weeber
Bay Baniadam
Laleaque Grad*
Brandy P. Tyler
Christopher D. Shurland

*Also Admitted in Arizona & Nevada

Law Offices

**GRECO TRAFICANTE & EDWARDS**

A Professional Corporation
555 West Beech Street, Suite 500
San Diego, CA 92101

Northern California Office
1415 Court Street
Redding, CA 96001

Of Counsel
Stanley J. Wezelman
Phillip H. Howard

Legal Administrator
Lisa M. Class

Telephone
(619) 234-3660
Facsimile
(619) 234-0626

www.gtelaw.com
email: info@gtelaw.com

November 19, 2004

**Via Fascsimile & Mail**
John L. Welch, Esquire
FOLEY & HOAG, LLP
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 92210-2600

> *Re:* ***OSL CORPORATION v. FIGI, LLC***
> *Ceramic Cell Phone Holders*
> *Our File No.: FIG-068*

Dear Mr. Welch:

The undersigned serves as legal counsel to Figi, LLC. Please direct all future communications regarding the above referenced matter to my attention.

I am in receipt of your letter dated November 17, 2004. First of all, I am unable to tell from your letter exactly what intellectual property rights you are claiming. Your letter refers to the trademark PHONE WHERE. However, Figi does not use that term in any way, shape or form in connection with its products. Therefore, you have no trademark infringement claim arising out of your pending trademark for that term.

Second, you claim that you have a patent application pending for this cell phone holder product. Please provide me with the patent number, and any and all correspondence or applications for that patent protection, as we seriously question the validity of any such patent.

Third, you fail to set forth any information to support a claim for copyright infringement, or any other infringement of intellectual property rights because you have not provided any

BLUEBIRD (888) 477-0700
OFFICE SUPPLIES
www.bluebirdstore.com

Clyde C. Greco, Jr.
Paul A. Traficante
Michael M. Edwards
Peter J. Schulz
Jon S. Brick

Philip M. McKenney
Scott B. Hilberg
Stephen F. Yurcich
Craig A. Weeber
Bay Baniadam
Laleaque Grad*
Brandy P. Tyler
Christopher D. Shurland

*Also Admitted in Arizona & Nevada

Law Offices
GRECO TRAFICANTE & EDWARDS
A Professional Corporation
555 West Beech Street, Suite 500
San Diego, CA 92101

Northern California Office
9555 Crossroads Drive
Redding, CA 96003

Of Counsel
Stanley J. Wezelman
Phillip H. Howard

Legal Administrator
Lisa M. Class

Telephone
(619) 234-3660
Facsimile
(619) 234-0626

www.gtelaw.com
email: info@gtelaw.com

November 30, 2004

**Via Facsimile & Mail**
John L. Welch, Esquire
FOLEY & HOAG, LLP
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 92210-2600

        Re:    *QSL CORPORATION v. FIGI, LLC*
               *Ceramic Cell Phone Holders*
               *Our File No.: FIG-068*

Dear Mr. Welch:

        I am in receipt of your letter dated November 24, 2004.
Thank you for clarifying that QSL Corporation is not asserting
any claims for copyright infringement or infringement of QSL's
PHONE WHERE trademark.

        As I appreciate your allegation, QSL is claiming trade dress
protection for the overall shape of its cell phone holder.
However, QSL fails to present any evidence to support ownership
of any such enforceable trade dress rights.  For example, what is
the date of creation?  How was it created?  What evidence of
secondary meaning exists?  What is it about the product that is
non-functional and protectable?  The cell phone holder which was
pictured in your November 17, 2004, letter is generic and purely
functional.  In fact, review of your client's item side by side
with our client's item suggests that the only possible
similarities deal with the functional aspects of the product, and
the overall shape and appearance of the two products are
completely different.

        With respect to your alleged pending patent application,
which you state has been allowed, and will soon issue, we again
request that you provide us with the application serial number.
As I am sure you are aware, even if you were to pursue litigation

F:\FIGI\FIG068\corresp\Welch 1130304.wpd

**Greco Traficante & Edwards**

John L. Welch, Esquire
November 30, 2004
Page 2

against our client regarding patent infringement, you would not be able to seek any damages based on continued sale of the product after notice of the allowance of the patent without providing us with the allowed claims. Absent such information, we are unable to make any recommendations concerning your demands.

Based upon the foregoing, absent any actual evidence of protectable intellectual property rights, your demands are respectfully denied. If, however, you have any evidence regarding actual acquisition of a protectable right, please let us know.

Very truly yours,

Peter W. Schulz
Of
GRECO TRAFICANTE & EDWARDS

PJS:nrs

cc: Mark Ellis, President and CEO, Figi, LLC

F:\FIGI\FIG068\corresp\Welch 1130304.wpd

12/06/2004 MON 15:41  FAX 617 832 7000 FOLEY HOAG                        ☑002/002



# FOLEY
# HOAG LLP
### ATTORNEYS AT LAW

John L. Welch
Counsel
Boston Office
617/832-1258
jwelch@foleyhoag.com

December 6, 2004
VIA FACSIMILE


Peter J. Schultz, Esq.
Greco Traficante & Edwards
555 West Beech Street, Suite 500
San Diego, CA 92101

   Re: QSL Corporation - ceramic cell phone holders

Dear Mr. Schultz:

  We have your letter of November 30, 2004, responding to my letter of November 24.

  Your discussion of trade dress confuses *de facto* functionality with *de jure* functionality. Our view of the trade dress issue remains unchanged.

  As to the patent infringement issue, as soon as the patent issues we will let you know. Meanwhile, your client proceeds at its peril.

      Yours very truly,

      John L. Welch

JLW/jwl

Seaport World Trade Center West / 155 Seaport Blvd. / Boston, MA 02210-2600 / TEL: 617.832.1000 / FAX: 617.832.7000
Foley Hoag LLP    BOSTON    WASHINGTON, DC    www.foleyhoag.com

AO 120 (Rev.3/04)

| TO:     **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR TRADEMARK** |
|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised
that a court action has been filed in the U.S. District Court San Diego on the following Patents or Trademarks:

| DOCKET NO.<br><br>04CV2579 | DATE FILED<br><br>12/28/04 | U.S. DISTRICT COURT<br><br>United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF<br><br>Figi Acquisition Co. LLC | | DEFENDANT<br><br>QSL Corp. Inc |

| **PATENT OR TRADEMARK NO.** | **DATE OF PATENT OR TRADEMARK** | **HOLDER OF PATENT OR TRADEMARK** |
|---|---|---|
| 1 See enclosed complaint | See complaint | See enclosed complaint |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s)/trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br><br>☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading |
|---|---|

| **PATENT OR TRADEMARK NO.** | **DATE OF PATENT OR TRADEMARK** | **HOLDER OF PATENT OR TRADEMARK** |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT |
|---|
| |

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1 - Upon initiation of action, mail this copy to Director          Copy 3 - Upon termination of action, mail this copy to Director
Copy 2 - Upon filing document adding patent(s), mail this copy to Director     Copy 4 - Case file copy

JS 44
(Rev. 07/89)

## ● CIVIL COVER SHEET ●

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**(a) PLAINTIFFS**

FIGI ACQUISITION COMPANY, LLC

**DEFENDANTS**

QSL CORPORATION

FILED

04 DEC 28 PM 3:50

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Peter J. Schulz, Esq.
GRECO TRAFICANTE & EDWARDS
555 West Beech Street, Suite 500
San Diego, CA 92101
(619) 234-3660

ATTORNEYS (IF KNOWN)
John L. Welch, Esq.
FOLEY & HOAG, LLP
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 92210-2600    (617) 832-1258

04 CV 2579 JM    (AJB)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

[X] 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR
(For Diversity Cases Only)                PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Declaratory Relief of Patent Invalidity and Noninfringement (35 U.S.C. sections 102-103)

35:0145 sb

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | [X] 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 Original Proceeding    ☐ 2 Removal from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE                    Docket Number

DATE
December 28, 2004

SIGNATURE OF ATTORNEY OF RECORD

Peter J. Schulz

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

Pd $150.00    12/28/04    #10 9843 rb

U.S. District Court Web PACER(v2.4) Docket Report                                    Page 1 of 2

Docket as of March 2, 2005 7:30 pm                              Web PACER (v2.4)

# U.S. District Court

## Southern District of California (San Diego)

## CIVIL DOCKET FOR CASE #: 04-CV-2579

## Figi Acquisition Co v. QSL Corporation Inc, et al

Filed: 12/28/04
Assigned to: Judge Rudi M. Brewster
Jury demand: Plaintiff
Referred to: Magistrate Judge Anthony J. Battaglia
Demand: $0,000
Nature of Suit: 830
Lead Docket: None
Jurisdiction: Federal Question
Dkt# in other court: None
Cause: 35:145 Patent Infringement

```
FIGI ACQUISITION COMPANY LLC,        Peter J Schulz
a Delaware Limited Liability         (619)234-0626
Company                              [COR LD NTC]
     plaintiff                       Greco Traficante and Edwards
                                     550 West Beech Street
                                     Suite 500
                                     San Diego, CA 92101
                                     (619)234-3660


     v.

QSL CORPORATION, INCOPORATED,
a Massachusetts Corporation
     defendant

===========================

CKO DESIGNS, INC., A
MASSACHUSETTS CORPORATION
     defendant

KEVIN J QUINN
     defendant
     [term  03/02/05]
```

**EXHIBIT D**
Memorandum of Law in Support of Motion for an
Order Enjoining Defendant from Prosecuting
California Declaratory Judgment Action

U.S. District Court Web PACER(v2.4) Docket Report                                    Page 2 of 2

# DOCKET    PROCEEDINGS

| DATE | # | DOCKET    ENTRY |
|------|---|-----------------|
| 12/28/04 | 1 | Complaint Filed; (referred  to Magistrate Judge Anthony J. Battaglia )  Receipt No/Amt of Fee: 109843,$150.00 t/w jury demand; letter prepared. (swd) [Entry date 12/29/04] |
| 12/28/04 | 2 | Summons issued (swd) [Entry date 12/29/04] |
| 12/28/04 | 3 | Demand for jury trial by plaintiff Figi Acquisition Co (swd) [Entry date 12/29/04] |
| 2/2/05 | 4 | First Amended complaint [1-1]; adding CKO Designs Inc, Kevin J Quinn (tkl) [Entry date 02/03/05] |
| 2/2/05 | 5 | Summons issued on 1st amd cmp (tkl) [Entry date 02/03/05] |
| 2/14/05 | 6 | Order of transfer by Judge Jeffrey T. Miller Case reassigned to Judge Rudi M. Brewster; new case number 04cv2579-B(AJB) (tkl) [Entry date 02/15/05] |
| 3/2/05 | 7 | Notice of voluntary dismissal w/out prej as to party Kevin J Quinn (ryc) [Entry date 03/02/05] |

## END OF DOCKET: 3:04cv2579

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/03/2005 12:07:54 | | |
| **PACER Login:** | fh0004 | **Client Code:** | |
| **Description:** | docket report | **Search Criteria:** | 3:04cv02579 |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |



# FOLEY
# HOAG LLP
ATTORNEYS AT LAW

John L. Welch
Counsel
Boston Office
617/832-1258
jwelch@foleyhoag.com

January 25, 2005
VIA FACSIMILE

Peter J. Schultz, Esq.
Greco Traficante & Edwards
555 West Beech Street, Suite 500
San Diego, CA 92101

Re:    QSL Corporation – ceramic cell phone holders

Dear Mr. Schultz:

You requested that we notify you and your client, Figi LLC, upon issuance of the patent on QSL's mobile phone holder. We are pleased to enclose herewith a copy of U.S. Design Patent D501,205, which issued today.

To date our client is aware of the following Figi products which, we believe, infringe upon that patent. If your client continues to import, make, use, or sell these products, or any other products that infringe the patent, our client will take such steps as are necessary to enforce its patent rights.

| | |
|---|---|
| Vineyard Cell Phone Holder | CEL-VIN-101 |
| Roses Cell Phone Holder | CEL-ROS-101 |
| Butterfly Cell Phone Holder | CEL-BTF-101 |
| Fishing Cell Phone Holder | CEL-FSH-101 |
| Teddy Bear Cell Phone Holder | CEL-TBR-101 |
| Cat Cell Phone Holder | CEL-CAT-102 |
| Sailing Cell Phone Holder | CEL-SLG-101 |
| Hummingbird Cell Phone Holder | CEL-HBD-101 |
| Golf Cell Phone Holder | CEL-GLF-101 |

**EXHIBIT E**
Memorandum of Law in Support of Motion for an
Order Enjoining Defendant from Prosecuting
California Declaratory Judgment Action

Peter J. Schultz, Esq.
January 25, 2005
Page 2


      Please immediately confirm that your client has ceased its infringing activities as of today.


                Yours very truly,

                *John L. Welch*

                John L. Welch


JLW/jw
enclosure (U.S. Design Patent D501,205)



US00D501205S

(12) **United States Design Patent**  (10) Patent No.: **US D501,205 S**
Quinn  (45) Date of Patent: ** **Jan. 25, 2005**

(54) **HOLDER/CHARGING STAND FOR A MOBILE PHONE OR THE LIKE**

(75) Inventor: **Kevin J. Quinn**, Methuen, MA (US)

(73) Assignee: **CKO Designs, Inc.**, Dracut, MA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/201,860**

(22) Filed: **Mar. 22, 2004**

(51) LOC (7) Cl. ........................... 14-03
(52) U.S. Cl. ........................... D14/253
(58) Field of Search ................... D14/137, 434,
D14/138, 447, 148, 147, 149–151, 140–142,
240, 241, 251–253, 451, 218; 379/426,
449, 419, 420.01–420.04, 428.01–428.04,
440, 454, 455, 446; 455/550.1–90.3; D13/107,
108; 224/670, 197, 271; D3/218; 248/221.11,
231.81; 320/110–115

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D206,590 S | * | 1/1967 | Haggstrom | D13/108 |
| 3,644,873 A | * | 2/1972 | Dalton et al. | 439/299 |
| D275,482 S | * | 9/1984 | Coons et al. | D14/253 |
| 4,741,034 A | * | 4/1988 | Errichiello et al. | 379/455 |
| D313,221 S | * | 12/1990 | Skully et al. | D13/108 |
| D334,384 S | * | 3/1993 | Nye | D14/149 |
| D345,728 S | * | 4/1994 | Tyneski et al. | D13/108 |
| D352,282 S | * | 11/1994 | Toh et al. | D14/150 |
| D357,990 S | * | 5/1995 | Cheng et al. | D26/38 |
| 5,479,486 A | * | 12/1995 | Saji | 455/573 |
| D368,892 S | * | 4/1996 | Tanaka | D13/108 |
| D369,163 S | * | 4/1996 | Leung et al. | D14/150 |
| D369,344 S | * | 4/1996 | Lindeman et al. | D13/108 |
| 5,525,888 A | * | 6/1996 | Toya | 320/111 |
| D385,252 S | * | 10/1997 | Snyder et al. | D13/108 |

| | | | | |
|---|---|---|---|---|
| D396,033 S | * | 7/1998 | Ahearn et al. | D14/457 |
| D399,244 S | * | 10/1998 | Coveley | D18/12 |
| 5,946,637 A | * | 8/1999 | Umbach et al. | 455/573 |
| D417,431 S | * | 12/1999 | Okura et al. | D13/108 |
| D422,556 S | * | 4/2000 | Okura et al. | D13/107 |
| D428,597 S | * | 7/2000 | Murata et al. | D13/108 |
| 6,130,521 A | * | 10/2000 | Collins et al. | 320/115 |
| D433,991 S | * | 11/2000 | Buchin et al. | D13/108 |
| D451,498 S | * | 12/2001 | Rossel | D14/218 |
| D460,446 S | * | 7/2002 | Hughes et al. | D14/253 |
| D463,361 S | * | 9/2002 | Ruohonen | D13/108 |
| 6,509,716 B2 | * | 1/2003 | Yi | 320/115 |
| D471,578 S | * | 3/2003 | Okuley | D16/242 |
| 6,534,953 B2 | * | 3/2003 | Shimkawa | 320/114 |
| D475,346 S | * | 6/2003 | McCurrach et al. | D13/108 |
| D477,823 S | * | 7/2003 | Lavello, Sr. | D14/253 |
| D480,393 S | * | 10/2003 | Toor et al. | D14/253 |
| D486,786 S | * | 2/2004 | Eroma et al. | D13/108 |

FOREIGN PATENT DOCUMENTS

WO    DM/061400    * 7/2002

* cited by examiner

*Primary Examiner*—Jeffrey Asch
(74) *Attorney, Agent, or Firm*—John L. Welch

(57) **CLAIM**

The ornamental design for a holder/charging stand for a mobile phone or the like, as shown and described.

**DESCRIPTION**

FIG. 1 is perspective view of the holder/charging stand for a mobile phone or the like according to our new design, as seen from the left front corner thereof.
FIG. 2 is right side elevational rear view thereof, the left side elevational view being a mirror image thereof.
FIG. 3 is a front elevational view thereof; and,
FIG. 4 is a top plan view thereof.

**1 Claim, 1 Drawing Sheet**



**U.S. Patent**    Jan. 25, 2005    US D501,205 S



FIG. 1






FIG. 4



FIG. 3



FIG. 2