UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| QSL CORPORATION d/b/a<br>WAXCESSORIES and<br>CKQ DESIGNS, INC.,<br><br>        Plaintiffs,<br><br>v.<br><br>FIGI ACQUISITION COMPANY, LLC,<br><br>        Defendant. | Civil Action No. 05-10395-NG |

**MEMORANDUM OF LAW SUPPORTING FIGI'S MOTION TO TRANSFER VENUE
FOR *FORUM NON CONVENIENS* UNDER 28 U.S.C. §1404**

**INTRODUCTION**

QSL Corporation d/b/a Waxcessories and CKQ Designs, Inc. (collectively, "QSL") filed this lawsuit in response to a lawsuit previously filed by the above-captioned Figi Acquisition Co., LLC ("FIGI") in the U. S. District Court for the Southern District of California in San Diego.[1] That is, rather than filing an answer and counter-claim in the previously-filed case in California, QSL filed this action against Figi here in Boston. QSL filed this action to increase litigation costs, to delay responding to the first-filed action, and to attempt to obtain a "home court" advantage. *See Pathe Computer Control Systems Corp. v. Kinmont Industries, Inc.* 955 F.2d 94, 95 - 96 (1st Cir. 1992) (imposing Rule 11 sanctions on counsel for improper attempt to delay litigation by filing identical second civil action in different state); *see also, Cianbro Corp. v. Curran-LaVoie, Inc.* 814 F.2d 7,

---

[1] FIGI has changed its name to Figi LLC. FIGI therefore requests that the caption be changed to reflect the correct name of the entity.

1

11 (1st Cir. 1987) ( filing second action in different state was nothing more than a quick response to first-filed action and was designed to get an improper home-court advantage).

This later filed Massachusetts action should therefore be transferred to the U. S. District Court for the Southern District of California, in San Diego, where it should have been filed in the first place and where the first-filed action is already pending. Thereafter, the two related actions should be consolidated for judicial economy and the convenience of the parties and witnesses.

## STATEMENT OF FACTS

### A.     The First Action (California):

FIGI is a limited liability company domiciled in the State of California, with its principal place of business in San Diego, California. All of FIGI's offices are located in San Diego, including, its administrative offices, craft shop, and warehouses. All of FIGI's products are designed and manufactured in San Diego. All of FIGI's employees are based in San Diego.

On December 28, 2004, FIGI filed a Complaint against QSL alleging causes of action for (1) Declaratory Relief of Patent Invalidity and Non-Infringement; and (2) Declaratory Relief of Non-Infringement of Trade Dress.[2] That civil action was filed in the United States District Court, Southern District of California, in San Diego, and assigned Case No. 04 CV 2579 JM (AJB).

On February 2, 2005, FIGI filed a First Amended Complaint against QSL, CKQ Designs, Inc., and Kevin J. Quinn.[3] FIGI repeated its causes of action for (1) Declaratory Relief of Patent

---

[2] *See* Declaration of Peter J. Schulz, Esq. ("Schulz Declaration") and Exhibit "A" attached to it. Under Fed. R. Evid. 201, FIGI requests that this Court take judicial notice of the California pleadings, which are exhibits to the Schulz Declaration.

[3] *See* Schulz Declaration and Exhibit "B" attached thereto. Kevin J. Quinn was subsequently dismissed from the California case.

2

Invalidity and Infringement; and (2) Declaratory Relief of Non-Infringement of Trade Dress. The purpose of the amendment was to specifically identify the subject patent, which issued after the original complaint had been filed. That patent is the same patent at issue here in Boston.

Service of the First Amended Complaint was made on February 4, 2005, pursuant to F.R.C.P. 4(d) and, therefore, was made along with a Waiver and Acknowledgment of Service. Thus, QSL is required to file a responsive pleading within 60 days of service.[4] To date, none of the defendants has filed a responsive pleading in the California action. Instead, QSL and CKQ Designs, Inc., filed this lawsuit arising out of the same facts and issues as those alleged in the California action.

The California action alleges that FIGI designs, manufactures, and distributes a product line known as Ceramic Cell Phone Holders. QSL designs and markets ceramic accessories, including ceramic Cell Phone Holders, marketed under the name PhoneWhere.

By way of background, on November 17, 2004, QSL sent a cease and desist letter to FIGI regarding its sales of its ceramic Cell Phone Holders. QSL based its demand on its claim of trade dress protection, along with unspecified patent protection. On November 19, 2004, FIGI responded to QSL's letter on the basis that QSL had not provided any evidence of ownership of protectable intellectual property rights. In December 2004, QSL continued to request that FIGI cease and desist, but still refused to provide FIGI with any further information.

Due to the uncertainty created by QSL's demands, on December 28, 2004, FIGI filed its declaratory relief action against QSL in the U.S. District Court, Southern District of California, to protect its rights to continued sales. Shortly thereafter, on January 25, 2005, QSL's Design Patent

---

[4] *See* Schulz Declaration and Exhibit "C" attached thereto.

3

No. D 501,205 S issued. Therefore, on February 2, 2005, FIGI filed a First Amended Complaint in the California action, adding CKQ Designs, Inc., and Mr. Quinn as defendants, and specifically identifying Design Patent No. D 501,205 S. Later, FIGI voluntarily dismissed Mr. Quinn.

### B.      The Second Action (Massachusetts):

Apparently, on "February 29, 2005," [*sic*] QSL filed a related civil action against FIGI in this Court[5] The Massachusetts civil action is related because it involves the exact same parties and the exact same subject matter. That is, QSL's complaint in this Boston case also alleges a cause of action for patent infringement regarding the exact same Cell Phone Holders and alleged U.S. Patent (Patent No. D 501,205 S) involved in the California action.

For reasons of convenience, judicial economy, and to avoid possibly conflicting judgments in two different forums, the Massachusetts action should be transferred to the United States District Court, Southern District of California, where the first of these related actions was filed. Thereafter, the two related actions should be consolidated into one action.

### LEGAL ARGUMENT

### A.      28 U.S.C. § 1404 Authorizes Transfer of Civil Actions for Convenience and Judicial Economy

28 U.S.C. §1404 authorizes the transfer of any civil action to any other district where the action might have been brought. Section 1404 provides in pertinent part:

> (a) For the convenience of parties and witnesses, in the interest of justice, a District Court may transfer any civil action to any other District or division where it might have been brought.

---

[5] *See* Schulz Declaration and Exhibit "D" attached thereto. The copy of the complaint indicates a filing date of February 29, 2005. This not being a leap year, the action was probably filed on March 1, 2005, and not on the 29th. We assume that the filing date is in error.

28 U.S.C. § 1404(a).

Section 1404(a) provides grounds for transferring an action when venue is proper in the court where the first action is pending. Section 1404(a) is derived from the common law doctrine of *forum non conveniens* but is broader because it allows "transfer" of an action as opposed to dismissal only. Therefore, this section is most commonly used when transfer is sought to another district.

FIGI thus seeks to have the later filed Massachusetts action transferred to the U.S. District Court, Southern District of California, where the first-filed and related action is already pending. Section 1404(a) authorizes this transfer. Thus, based upon the first-filed rule, the Massachusetts action should be transferred to California, where it can be consolidated with the California action. The possibility of consolidation of the two actions is a virtual certainty once the case is transferred because both cases involve the same parties, the same alleged patent, and the same accused ceramic Cell Phone Holders designed and manufactured by FIGI in California.

### 1. In Patent Infringement Cases, The Forum Of The First Filed Case Is Generally Favored.

In determining whether to grant a motion to transfer, the first filed case is generally favored: "Where identical actions are proceeding concurrently in two Federal Courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice of venue decision." *Coady v. Ashkraft & Gerel*, 223 F.3d 1, 11 (1st Cir. 2000), quoting *Cianbro Corp. v. Curran-LaVoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987).

There can be no dispute that FIGI first filed its declaratory relief action in California on December 28, 2004.[6] The Amended Complaint was filed on February 2, 2005. The Massachusetts

---

[6] See Exhibit "A" attached to the Schulz Declaration.

action was not filed until a month after that. Based upon the "first-filed rule" and in the interests of justice, the later filed and related Massachusetts action should be transferred to California where the two actions can then be consolidated into one civil action.

### 2. The California Federal Court Is One In Which The Massachusetts Action Could Have Been Commenced Originally.

Under section 1404, it must be shown that the proposed transferee Court is one in which the action could have been commenced originally. This means that (1) the transferee court would have subject matter jurisdiction, (2) the defendants would have been subject to personal jurisdiction, and (3) venue would have been proper in the transferee court. *Hoffman v. Blaski,* 363 U.S. 335, 343 - 344 (1960). As argued below, all three requirements are satisfied here, and QSL should have filed an answer and counter-claim in California.

First, the California court has subject matter jurisdiction because the "Complaint sets forth a count for patent infringement under Title 35 of the United States Code".[7]

Second, personal jurisdiction over FIGI is satisfied because FIGI is domiciled in California and its principal place of business is in San Diego, California.[8] Additionally, FIGI created the accused Cell Phone Holders at its San Diego headquarter, and it does continuous and systematic business in California. FIGI's substantial contacts with the State of California are not in dispute. Moreover, FIGI's filing of the first action in California proves that it has purposefully availed itself of the benefits of California and, therefore, California has personal jurisdiction over FIGI.

---

[7] See Schulz Declaration and Exhibit "D" attached thereto at p. 2, par. 4.

[8] See Declaration of Mark Ellis ("Ellis Declaration") filed concurrently herewith.

6

Third, venue in California is clearly satisfied because FIGI has its principal place of business in San Diego, California, and is domiciled there.

Thus, the U.S. District Court, Southern District of California, in San Diego, is one in which the Massachusetts action could have been commenced originally.

3. **The Massachusetts Action Should Be Transferred To California For Convenience And In The Interest of Justice.**

Notwithstanding the first-filed rule, the Court should also look at "convenience" and the "interests of justice" in deciding whether the Massachusetts action should be transferred to California. In addition to the convenience of parties and witnesses, the factors to be considered by the Court include the availability of documents, the possibility of consolidation, and the order in which the District Court obtained jurisdiction. *Coady v. Ashkraft & Gerel* 223 F.3d 1, 11 (1st Cir. 2000). This last factor again addresses the importance of the "first-filed rule". "Where identical actions are proceeding concurrently in two Federal Courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision." *Coady v. Ashcraft & Gerel, supra,* at p. 11, quoting *Cianbro Corp. v. Curran-LaVoie, Inc.,* 814 F.2d 7, 11 (1st Cir. 1987). Thus, California is preferred because that is the first-filed action.

In several similar cases involving patent infringement, the federal courts have uniformly agreed that transfer was appropriate. For example, in *Amersham Pharmacia Biotech, Inc. v. The Perkin-Elmer Corporation,* 11 F. Supp.2d 729 (S.D.N.Y. 1998), Plaintiff, a Delaware corporation with its principal place of business in New Jersey, filed a patent infringement action in the United States District Court for the Southern District of New York against a New York corporation, which promptly moved to transfer the case to the Northern District of California pursuant to 28 U.S.C. §

1404(a). The Federal Court agreed that transfer was appropriate.

The *Amersham* court found that the convenience of the witnesses, the location of relevant documents, and relative ease of access to sources of proof loomed large when deciding between two courts separated by roughly 3,000 miles. But that the convenience of the parties was less weighty because the case was between two large corporations that regularly conducted business on a national or international basis. *Amersham Pharmacia Biotech, Inc. v. The Perkin-Elmer Corp., supra*, 11 F.Supp.2d at 730. The court also found that the Northern District of California was clearly the locus of most of the operative facts. Moreover, most of the witnesses, documents, and sources of proof concerning the alleged infringement were to be found in the Northern District of California.

> The Northern District of California is clearly the locus of most of the operative facts of this case. The allegedly infringing device was developed at Perkin-Elmer's Applied Biosystems Division, within that District, and the resultant product line is managed there . . . As a result, most of the witnesses, documents, and sources of proof concerning the alleged infringement will be found in the Northern District of California. Conversely, none of the putative witnesses and documents . . . are to be found in the Southern District of New York.

*Amersham Pharmacia Biotech, Inc., supra*, at 730; *see also Kearney & Trecker Corp. v. Cincinnati Milling Machine Co.* 254 F.Supp. 130 (N.D. Ill. 1966) (finding that second-filed patent infringement action in Illinois was properly transferred to Ohio where the identical first-filed patent infringement action was pending so that it could be consolidated with first action); *Zenith Radio Corp. v. Columbia Broadcasting Systems, Inc.*, 284 F.Supp. 682 (S.D.N.Y. 1968) (finding that second filed patent infringement action for infringement of same patents at issue in first-filed action should be transferred to avoid duplication of judicial time and for more orderly resolution of patent validity issue); *Admiral Corp. v. Columbia Broadcasting System, Inc.*, 161 USPQ 123 (N.D. Ill. 1969)

(holding that declaratory judgment patent action should be transferred to District where there were already pending three actions for infringement of same patents); *Kash N'Gold, Ltd. v. ATSPI, Inc.*, 690 F.Supp. 1160 (E.D.N.Y. 1988) (transferring patent infringement action because manufacturer of allegedly infringing product had previously filed infringement action against importer's customers because site of manufacturer's residence is more convenient to its witnesses).

### B. Convenience Of The Parties Does Not Favor QSL.

FIGI is a limited liability company domiciled in California with its principal place of business in San Diego, California.[9]  QSL and CKQ Designs, Inc., are corporations domiciled in Massachusetts. Both Plaintiffs and Defendant are established corporations conducting business nationwide. Thus, any argument by QSL and CKQ Designs, Inc., regarding monetary expense and difficulty in litigating in a distant forum should be disregarded. Moreover, QSL and CKQ Designs, Inc., have purposefully availed themselves of the benefits of the State of California by earning profits and doing business in the State of California. QSL and CKQ Designs, Inc.,. have carried on continuous and systematic business activities within the State of California.

### C. The Cell Phone Holders That Are Alleged To Be The Infringing Product Were Manufactured By FIGI In California And All Relevant Physical Evidence And Documents Are Located In California.

As set forth in the Declaration of Mark Ellis, FIGI has its offices and distribution facilities located in San Diego, California. The administrative staff of FIGI is located at 3636 Gateway Center Avenue. The building across the street at 655 Gateway Center Way is FIGI's product warehouse, where the break bulk shipments are received, packed, and shipped to FIGI's customers.

---

[9] See Declaration of Mark Ellis.

FIGI has a craft shop also located in San Diego at 1455 Union Street, where prototypes of products are produced. FIGI's design department is also located at the Union Street location in San Diego.

FIGI's artists research and draw all stages of its products from concept to technical art at these locations referenced above. FIGI merchandise employees design displays and create printed artwork at these locations. At the Union Street craft shop FIGI colorists paint prototypes. The Vice President of design supervises all these staff members and provides direction and oversees line planning and all product related matters at these San Diego Office locations. In sum, all documents and design materials related to the development of FIGI's Cell Phone Holders at issue in the suits, are located at these offices in San Diego.

### D. Convenience Of The Witnesses Favors Transfer To California.

In this case, the convenience of the witnesses is an important factor that the Court must consider when determining whether a civil action should be transferred to another forum. Courts generally need to know who the witnesses are, where they are located, what their testimony will be, and why such testimony is relevant or necessary. *See Cianbro Corporation v. Curran-LaVoie, Inc.*, 814 F.2d 7, 11 (1st Cir. 1987). FIGI is a Delaware corporation with all its offices and distribution facilities in San Diego, California. The administrative staff of the company (President, Finance and Accounting, Customer Service, Design, Quality Control, Telesales, and Purchasing) is located at 3636 Gateway Center Avenue, San Diego, California.

FIGI's design department consists of three artists, one colorist, two metal lab designers, one merchandiser, one product developer, one Vice President of Design. The two metal lab designers are located on 1455 Union Street, San Diego, California. All other staff is located at 3636 Gateway Center Avenue, San Diego, California.

In sum, all of the FIGI employees who are potential witnesses in the litigation are based in San Diego, California. San Diego is where the allegedly infringing products were designed, manufactured, and distributed. Any of the employees--from administration to the design professionals--may be called upon to testify about the origin of and concept for the accused FIGI Cell Phone Holders, the products development, and all phases of the design process. This testimony is relevant and necessary to combat QSL's claims of infringement and willfulness (*i.e.*, that FIGI "knocked off" or stole QSL's idea, trade dress and design).

### E. Judicial Economy Will Be Served By Transferring The Massachusetts Action To California Where It Can Be Consolidated With the California Action.

When transfer will avoid duplicative litigation, possibly conflicting judgments, effect judicial economy, and prevent waste of time and money, then transfer should be granted. *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964). In California, there is already an identical federal action pending regarding the alleged patent infringement by FIGI. Transferring the later filed Massachusetts action to California so the two related actions can be consolidated will serve all the beneficial purposes of judicial economy. Transfer to California and consolidation will avoid duplicative litigation, possibly conflicting judgments, and it will save judicial resources and time.

## CONCLUSION

FIGI respectfully requests that this Court grant its motion under 28 U.S.C. § 1404 and thereby transfer the later-filed Massachusetts action to the U. S. District Court, Southern District of California, where the first-filed action is already pending.

Dated: March 9, 2005

FIGI, LLC
*By its attorneys,*

Erik Paul Belt, BBO # 558620
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110
Tel:  (617) 443-9292
Facsimile:  (617) 443-0004
**ebelt@bromsun.com**

Of Counsel:

Peter J. Schulz, Esq.
Phillip McKenney, Esq.
GRECO TRAFICANTE & EDWARDS
555 West Beech Street
Suite 500
San Diego, CA 92101
tel. (619) 234-3660
fax. (619) 234-0626

### CERTIFICATE OF SERVICE

I certify that, on the above date, I served a true copy of the foregoing document by hand delivery on counsel of record for each other party.

Erik Paul Belt

00001/00001 369342.1

12