FILED
IN CLERK'S OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DISTRICT OF MASS

QSL CORPORATION d/b/a
WAXCESSORIES and
CKQ DESIGNS, INC.,

         Plaintiffs,

         v.

FIGI ACQUISITION COMPANY, LLC,

         Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 05-10395-NG

## DECLARATION OF PETER J. SCHULZ
## IN SUPPORT OF FIGI'S MOTION TO TRANSFER

I, PETER J. SCHULZ, declare and state as follows:

1.    I have knowledge of all matters set forth within my Declaration, and unless stated otherwise, I can and will competently testify to those matters if called upon to do so.

2.    I am an attorney duly licensed to practice law in all of the Courts of the State of California , and the United States District Courts for the Southern, Central, Northern, and Eastern District of California; and I am a partner in the law firm of Greco Traficante & Edwards, counsel for Defendant FIGI, LLC f/k/a FIGI ACQUISITION COMPANY, LLC (hereinafter "FIGI")..

3.    Attached hereto as Exhibit "A" is a true and correct copy of a Complaint filed December 28, 2004 in the U. S. District Court, Southern District of California, on behalf of FIGI. In that civil action FIGI is the Plaintiff. The Defendant is QSL CORPORATION, INC. The Complaint alleges causes of action for: (1) Declaratory Relief of Patent Invalidity and Non-

1

Infringement; and (2) Declaratory Relief of Non-Infringement of Trade Dress.

4.      Attached hereto as Exhibit "B" is a true and correct copy of a First Amended Complaint filed on February 2, 2005 in the U. S. District Court, Southern District of California on behalf of Plaintiff FIGI and against Defendants QSL CORPORATION, INC., CKO DESIGNS, INC., and KEVIN J. QUINN.[1]  This First Amended Complaint alleges causes of action for: (1) Declaratory Relief of Patent Invalidity and Non-Infringement; and (2) Declaratory Relief of Non-Infringement of Trade Dress.

5.      Attached hereto as Exhibit "C" is a true and correct copy of my letter dated February 4, 2005, setting forth the terms under which the above-referenced First Amended Complaint was served upon the Defendants in the California Federal District Court action. Essentially, I served the First Amended Complaint pursuant to Federal Rule of Civil Procedure Rule 4 in that the First Amended Complaint was presented along with a Waiver and Acknowledgment of Service.

6.      Attached hereto as Exhibit "D" is a true and correct copy of a Complaint filed in the U. S. District Court, District of Massachusetts on "February 29, 2005". It is believed that this Complaint was actually filed on March 1, 2005, as 2005 is not a leap year. In any event, this Complaint was served on March 2, 2005. The Complaint was filed by QSL CORPORATION d/b/a WAXCESSORIES and CKQ DESIGNS, INC. as Plaintiffs against Defendant FIGI. It alleges causes of action for patent infringement involving ceramic Cell Phone Holders. These are the same Cell Phone Holders that are the subject of the related California federal action

---

[1] KEVIN J. QUINN was subsequently dismissed.

2

referenced above and this places in issue the same facts and law as the California federal action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 8th day of March, 2005 at San Diego, CA.

_____

PETER J. SCHULZ, ESQ., DECLARANT

## CERTIFICATE OF SERVICE

I certify that, on March 9, 2005, I served a true copy of this document by hand delivery on counsel for each other party.

Erik Paul Belt

00001/00001  369376.1

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

FIGI ACQUISITION COMPANY, LLC, a Delaware
Limited Liability Company,

**vs**

QSL CORPORATION, INC., a Massachusetts
Corporation,

**SUMMONS IN A CIVIL ACTION**

Case No.

**'04 CV 2579 JM    (AJB)**

TO: (Name and Address of Defendant)

QSL CORPORATION, INC.

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon PLAINTIFF'S ATTORNEY

Peter J. Schulz, Esquire
GRECO TRAFICANTE & EDWARDS
555 West Beech Street, Ste. 500
San Diego, CA 92101
Tel: (619) 234-3660/Fax: (619) 234-0646

An answer to the complaint which is herewith served upon you, within <u>twenty (20)</u> days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

W. Samuel Hamrick, Jr.

CLERK

By _____ , Deputy Clerk

12/28/04

DATE

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA



FIGI ACQUISITION COMPANY, LLC, a Delaware
Limited Liability Company,

vs

QSL CORPORATION, INC., a Massachusetts
Corporation,

**SUMMONS IN A CIVIL ACTION**

Case No.

'04 CV 2579 JM     (AJB)

TO: (Name and Address of Defendant)

QSL CORPORATION, INC.

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon PLAINTIFF'S ATTORNEY

Peter J. Schulz, Esquire
GRECO TRAFICANTE & EDWARDS
555 West Beech Street, Ste. 500
San Diego, CA 92101
Tel: (619) 234-3660/Fax: (619) 234-0646

An answer to the complaint which is herewith served upon you, within <u>twenty (20)</u> days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

W. Samuel Hamrick, Jr.

CLERK

By _____, Deputy Clerk

DEC 2 8 2004

DATE

Summons in a Civil Action

::ODMA\PCDOCS\WORDPERFECT\14443\1 May 5, 1999 (11:34am)

AO-440S

1 | Peter J. Schulz, Esquire, State Bar No. 167646
LAW OFFICES

2 | **GRECO TRAFICANTE & EDWARDS**

3 | 555 WEST BEECH STREET, SUITE 500
SAN DIEGO, CALIFORNIA 92101

(619) 234-3660/FAX: (619) 234-0626

4

FILED

04 DEC 28 PH 3: 49

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

5 | Attorneys for Plaintiff  FIGI ACQUISITION, LLC

DEPUTY

6

7

8 | **UNITED STATES DISTRICT COURT**

9 | **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | FIGI ACQUISITION COMPANY, LLC, a ) Civil Action No.
Delaware Limited Liability         )

12 | Company,                         ) **'04 CV 2579 JM    (AJB)**
                                    )

13 |              Plaintiff,         ) **COMPLAINT FOR:**
                                    ) **1)   DECLARATORY RELIEF OF**

14 |     vs.                         )      **PATENT INVALIDITY AND**
                                    )      **NONINFRINGEMENT; AND**

15 | QSL CORPORATION, INC., a        ) **2)   DECLARATORY RELIEF OF NON-**
Massachusetts Corporation,         )      **INFRINGEMENT OF TRADE**

16 |                                 )      **DRESS**
             Defendant.            )

17 | _____)

18 |      Plaintiff, FIGI ACQUISITION COMPANY, LLC, alleges as follows:

19 |                         **THE PARTIES**

20 |      1.   Plaintiff FIGI ACQUISITION COMPANY, LLC, (hereinafter

21 | "FIGI") is a Delaware Limited Liability Company, doing business in

22 | the State of California, with its principal place of business

23 | located within the State of California.

24 |      2.   QSL CORPORATION, (hereinafter "QSL") is a corporation,

25 | incorporated under the laws of the State of Massachusetts, with

26 | its principal place of business located within the State of

27 | Massachusetts.

28 |                                 1

1

**JURISDICTION AND VENUE**

2      3.    This is an action seeking declaratory relief regarding

3  the validity of an alleged United States Patent as well as

4  declaration of noninfringement of an alleged United States Patent.

5  As such, the claims herein alleged, and described more fully

6  herein, arise under federal law and involve federal questions as

7  to each parties' rights and available remedies, pursuant to the

8  Acts of Congress relating to patents.  Jurisdiction therefore

9  exists pursuant to 28 U.S.C. § 1338(a)-(b).

10      4.    Personal jurisdiction and venue in the United States

11  District Court for the Southern District of California are proper,

12  as both Plaintiff and Defendant conduct business in the Southern

13  District of California.

14

**FACTUAL ALLEGATIONS**

15      5.    Plaintiff designs, manufactures, and distributes a

16  product line known as Ceramic Cell Phone Holders.  Ceramic Cell

17  Phone Holders are decorative ceramic art with the functional

18  capacity of being able to hold a cell phone with an opening below,

19  which allows for the charger cord of the phone to go unseen and

20  still provide charging features for the phone.  The decorative

21  holders are similar in shape to cell phone "base chargers" offered

22  by the many manufacturers of cell phones, but are intended to be

23  more decorative.  Pictures of Plaintiff's Ceramic Cell Phone

24  Holders from Plaintiff's catalog are attached hereto as **Exhibit 1.**

25      6.    QSL allegedly designs and markets ceramic accessories,

26  including ceramic cell phone holders marketed under the name PHONE

27  WHERE.  A photocopy provided to Plaintiff by counsel for QSL,

28

2

1  depicting its generic, non-decorative ceramic cell phone holder,
2  is attached hereto as **Exhibit 2**.

3      7.   QSL has alleged that it has applied for a U.S. Patent on
4  the product, and the purported application has been allowed.
5  Notwithstanding Plaintiff's request for information, QSL has
6  refused to provide any information about the alleged patent,
7  including the application serial number, and/or whether it was a
8  design patent or a utility patent.

9      8.   On November 17, 2004, Defendant sent a cease-and-desist
10 letter to Plaintiff regarding its sales of its Ceramic Cell Phone
11 Holders.  Defendant based this demand to cease and desist on its
12 claim of trade dress protection over the shape of the cell phone
13 holder, along with unspecified patent protection over the cell
14 phone holder's design and/or utility.  A copy of defendant's
15 cease-and-desist letter is attached hereto as **Exhibit 3**.

16     9.   On November 19, 2004, Plaintiff responded to Defendant's
17 cease-and-desist demand on the basis that Defendant had not
18 provided any evidence of ownership of protectable intellectual
19 property rights, or any useful information that would allow
20 Plaintiff to analyze the demand.  A copy of Plaintiff's 11/19/04
21 letter is attached hereto as **Exhibit 4**.   Further information was
22 again requested on November 30, 2004.  See **Exhibit 5**.

23     10.  On December 6, 2004, Defendant responded by continuing
24 to assert trade dress rights and unspecified patent protection
25 without providing any further information, and advised Plaintiff
26 that its continued sales would be "at its peril."  A true and
27 correct copy of Defendant's December 6, 2004, letter is attached

28                                 3

1 hereto as **Exhibit 6.**

2      11.   In light of Defendant's unspecified allegations of trade

3 dress and patent infringement, and threat of litigation, Plaintiff

4 requires a judicial declaration from this Court that its Ceramic

5 Cell Phone Holders do not infringe any intellectual property

6 rights of Defendant.

7                                **ACTUAL CONTROVERSY**

8      12.   An actual controversy has arisen and now exists between

9 the parties as to: (a) the validity of QSL's alleged U.S. Patent;

10 (b) whether Plaintiff has infringed QSL's alleged U.S. Patent; (c)

11 the validity of QSL's alleged trade dress over the shape of its

12 ceramic cell phone holder; and (d) whether Plaintiff has infringed

13 QSL's alleged trade dress.

14     13.   Accordingly, Plaintiff desires a judicial declaration by

15 this Court as to each parties' rights.

16     14.   A declaratory judgment is necessary in that Plaintiff

17 contends, and Defendant denies, that: (a) the alleged U.S. Patent

18 is invalid; (b) Plaintiff's product does not infringe any U.S.

19 Patent; (c) QSL does not own protectable trade dress over the

20 shape of its ceramic cell phone holder; and (d) Plaintiff has not

21 infringed any trade dress rights of QSL.

22                     **PRAYER FOR DECLARATORY JUDGMENT**

23     WHEREFORE, Plaintiff prays for a declaratory judgment against

24 Defendant as follows:

25     1.    That QSL's alleged U.S. Patent is invalid;

26     2.    That Plaintiff has not, nor has it ever sold any product

27 that infringes QSL's alleged U.S. Patent;

28                                       4

1        3.    That the shape of QSL's ceramic cell phone holder is not

2  protectable trade dress;

3        4.    That Plaintiff has not infringed QSL's alleged trade

4  dress;

5        5.    That Plaintiff be awarded its costs, expenses, and if

6  provided for by law, its attorney's fees; and

7        4.    For such other and further relief as the Court deems

8  just and proper.

9  DATED: December 28, 2004      Respectfully submitted,

10                        GRECO TRAPICANTE & EDWARDS

11

12                        By:  _____

                                Peter J. Schulz, Esquire

13                              Attorneys for Plaintiff

                                FIGI ACQUISITION, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27  F:\FIGI\FIG068\Pleadings\Complaint.wpd

28                       5

# Exhibit 1

# Ceramic Cell Phone Holders

**CEL-E4D: 30 PC. CELL PHONE HOLDER PROGRAM WITH COUNTER DISPLAY — $170.00**
CONSISTS OF 3 EACH OF 10 STYLES PLUS DISPLAY, INCLUDING **3 CAT CELL PHONE HOLDERS @ NO CHARGE.**
*(Western sold separately)*

CEL-E4D

*Each Ceramic Cell Phone Holder comes packaged in a Figi box with photo label.*



**80-CELL**
*1–2000* ①
COUNTER DISPLAY
12" x 20"

80-CELL

---

**A** **CEL-ROS-101**
*3-500* ③
ROSES - *Ceramic*
2.75" x 4.75" x 3.75"

CEL-ROS-101



**B** **CEL-BTF-101**
*3-500* ③
BUTTERFLIES - *Ceramic*
2.75" x 4.75" x 3.75"

CEL-BTF-101



**C** **CEL-HBD-101**
*3-500* ③
HUMMINGBIRD - *Ceramic*
2.75" x 4.75" x 3.75"

CEL-HBD-101













**D** **CEL-SLG-101**
*3-500* ③
LIGHTHOUSE - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-SLG-101



**H** **CEL-TBR-101**
*3-500* ③
TALKING TEDDYBEARS -
*Ceramic*
2.75" x 4.75' x 3.75"
CEL-TBR-101





**E** **CEL-CAT-102**
*3-500* ③ ★★★
CAT - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-CAT-102

**I** **CEL-VIN-101**
*3-500* ③
VINEYARD WINE - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-VIN-101





**F** **CEL-FSH-101**
*3-500* ③
FISHING - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-FSH-101

**J** **CEL-GLF-101**
*3-500* ③
GOLF - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-GLF-101

*Western sold separately*





**G** **CEL-TRP-101**
*3-500* ③
TROPICAL - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-TRP-101

**K** **CEL-WST-101**
*3-500*
WESTERN - *Ceramic*
2.75" x 4.75' x 3.75"
*Western sold
separately.*
CEL-WST-101

# *Resin Cell Phone Holders*

**CELR-A5D: 15 PC. RESIN CELL PHONE HOLDER PROGRAM
WITH COUNTER DISPLAY — $95.00**
CONSISTS OF 3 EACH OF 5 STYLES PLUS DISPLAY, INCLUDING
**3 CAT CELL PHONE HOLDERS @ NO CHARGE.**
*(Western sold separately)*

CELR-A5D




**80-CELL**
1-2000 ①
COUNTER DISPLAY
12" x 20"

80-CELL


*Each Ceramic Cell
Phone Holder comes
packaged in a Figi box
with photo label.*

**A** **CEL-CAT-103**
*3-500* ③ ★★★
CAT
4.5" x 3" x 6"
CEL-CAT-103




**B** **CEL-CHR-101**
*3-500* ③
CHERRIES
3.25" x 2.75" x 3.75"
CEL-CHR-101

**C** **CEL-FLM-101**
*3-500* ③
FLAMINGO
4.5" x 3.5" x 4.5"
CEL-FLM-101



**D** **CEL-SPR-101**
*3-500* ③
ALL SPORT
4" x 4" x 4.25"
CEL-SPR-101



*Western sold separately*



**E** **CEL-SWT-101**
*3-500* ③
SOUTHWEST
3.5" x 3.25" x 4.25"
CEL-SWT-101






**F** **CEL-WST-102**
*3-500*
WESTERN
3.25" x 3" x 3.5"
*Western sold
separately.*
CEL-WST-102

CALL TOLL FREE: 800-678-FIGI    www.figi.net

# Exhibit 2



# Exhibit 3

ent by: GRECO & TRAFICANTE          619 254 0828;          11/18/04   2:02 PM; Joliet #881; Page 2/2



# FOLEY HOAG LLP

ATTORNEYS AT LAW

# Fax

| | | |
|---|---|---|
| **Date:** | November 17, 2004 | |
| **To:** Figi, Inc. | **Fax #:** 618-262-3608 | **Confirm#:** 800-678-3444 |

| | | | |
|---|---|---|---|
| **Client Matter#:** | 23424-900 | | |
| **From:** John L. Welch | **Sender's Number:** | 617-832-1258 | **User #:** 7242 |
| **Total Pages Sent (Including Cover Sheet):** 5 | | | **Office:** Boston |

**Message**

**IMPORTANT — PLEASE READ**

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR AN AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.

IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION PLEASE TELEPHONE THE SENDER.

Seaport World Trade Center West | 155 Seaport Blvd. / Boston, MA 02210-2600 / TEL: 817.832.1000 / FAX: 617.832.7000

Foley Hoag LLP          BOSTON          WASHINGTON, DC          www.foleyhoag.com





# FOLEY
# HOAG LLP
### ATTORNEYS AT LAW

John L. Welch
Counsel
Boston Office
617/832-1258
jwelch@foleyhoag.com

November 17, 2004

Figi, LLC
3636 Gateway Center Avenue
San Diego, CA 92102

Re: Ceramic Cell Phone Holders

Dear Sir or Madam:

This firm serves as intellectual property counsel to QSL Corporation of Dracut, Massachusetts. QSL designs and markets ceramic candle accessories and other household products, under the names WAXCESSORIES and INSIGHTS. Among the products that it created and now sells is a ceramic cell phone holder marketed under the trademark PHONE WHERE. A photograph of its product is enclosed.

It has just come to our attention that your company is offering for sale cell phone holders that are undoubtedly copied from our client's proprietary PHONE WHERE design. Several of the many variations of your company's product are depicted in the attached photographs. Our client is the owner of trademark rights in the overall shape of its cell phone holder, and furthermore will be receiving patent protection on its product in the near future.

We strongly urge your company to immediately cease and desist from all further sales of the copied cell phone holder, and to confirm same in writing. We look forward to your prompt response.

Yours very truly,

John L. Welch

JLW/jw
enclosures





Exhibit 4

Clyde C. Greco, Jr.
Paul A. Traficante
Michael M. Edwards
Peter J. Schulz
Jon S. Brick

Philip M. McKenney
Scott B. Hilberg
Stephen F. Yurcich
Craig A. Weeber
Bay Baniadam
Laleaque Grad*
Brandy P. Tyler
Christopher D. Shurland

*Also Admitted in Arizona & Nevada

Law Offices

## GRECO TRAFICANTE & EDWARDS

A Professional Corporation
555 West Beech Street, Suite 500
San Diego, CA 92101

Northern California Office
1415 Court Street
Redding, CA 96001

Of Counsel
Stanley J. Wezelman
Phillip H. Howard

Legal Administrator
Lisa M. Class

Telephone
(619) 234-3660
Facsimile
(619) 234-0626

www.gtelaw.com
email: info@gtelaw.com

November 19, 2004

**Via Fascsimile & Mail**
John L. Welch, Esquire
FOLEY & HOAG, LLP
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 92210-2600

> **Re:    *OSL CORPORATION v. FIGI, LLC***
> ***Ceramic Cell Phone Holders***
> ***Our File No.: FIG-068***

Dear Mr. Welch:

The undersigned serves as legal counsel to Figi, LLC. Please direct all future communications regarding the above referenced matter to my attention.

I am in receipt of your letter dated November 17, 2004. First of all, I am unable to tell from your letter exactly what intellectual property rights you are claiming.  Your letter refers to the trademark PHONE WHERE. However, Figi does not use that term in any way, shape or form in connection with its products.   Therefore, you have no trademark infringement claim arising out of your pending trademark for that term.

Second, you claim that you have a patent application pending for this cell phone holder product.  Please provide me with the patent number, and any and all correspondence or applications for that patent protection, as we seriously question the validity of any such patent.

Third, you fail to set forth any information to support a claim for copyright infringement, or any other infringement of intellectual property rights because you have not provided any

Greco Traficante & 'ards

John L. Welch, Esquire
FOLEY & HOAG, LLP
November 19, 2004
Page 2


evidence that you own any enforceable intellectual property
rights.  To the extent you have any copyright registrations,
please forward those to my attention as well, or, at least,
please provide me with your date of first publication of this
particular product and evidence of same.

    Based upon the foregoing, we view your demand for cease and
desist as completely lacking in merit and substance.  As such, we
respectfully reject any and all demands contained within your
November 17, 2004, letter.  If you have any evidence you believe
may cause us to reconsider that position, please forward that
information to my attention forthwith.  In the meantime, we
reserve all rights, and waive none.

                    Very truly yours,


                    Peter W. Schulz
                    Of
                    GRECO TRAFICANTE & EDWARDS

PJS:nrs

cc:  Clyde C. Greco, Jr., Esquire (via fax & mail)
     Mark Ellis, President and CEO, Figi, LLC (via fax & mail)

# Exhibit 5

Clyde C. Greco, Jr.
Paul A. Traficante
Michael M. Edwards
Peter J. Schulz
Jon S. Brick

Philip M. McKenney
Scott B. Hilberg
Stephen F. Yurcich
Craig A. Weeber
Bay Baniadam
Laleaque Grad*
Brandy P. Tyler
Christopher D. Shurland

*Also Admitted in Arizona & Nevada

Law Offices

GRECO TRAFICANTE & EDWARDS

A Professional Corporation
555 West Beech Street, Suite 500
San Diego, CA 92101

Northern California Office
9555 Crossroads Drive
Redding, CA 96003

Of Counsel
Stanley J. Wezelman
Phillip H. Howard

Legal Administrator
Lisa M. Class

Telephone
(619) 234-3660
Facsimile
(619) 234-0626

www.gtelaw.com
email: info@gtelaw.com

November 30, 2004

**Via Facsimile & Mail**
John L. Welch, Esquire
FOLEY & HOAG, LLP
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 92210-2600

> *Re:*   ***QSL CORPORATION v. FIGI, LLC***
> ***Ceramic Cell Phone Holders***
> ***Our File No.: FIG-068***

Dear Mr. Welch:

I am in receipt of your letter dated November 24, 2004. Thank you for clarifying that QSL Corporation is not asserting any claims for copyright infringement or infringement of QSL's PHONE WHERE trademark.

As I appreciate your allegation, QSL is claiming trade dress protection for the overall shape of its cell phone holder. However, QSL fails to present any evidence to support ownership of any such enforceable trade dress rights. For example, what is the date of creation? How was it created? What evidence of secondary meaning exists? What is it about the product that is non-functional and protectable? The cell phone holder which was pictured in your November 17, 2004, letter is generic and purely functional. In fact, review of your client's item side by side with our client's item suggests that the only possible similarities deal with the functional aspects of the product, and the overall shape and appearance of the two products are completely different.

With respect to your alleged pending patent application, which you state has been allowed, and will soon issue, we again request that you provide us with the application serial number. As I am sure you are aware, even if you were to pursue litigation

**Greco Traficante &    Lwards**

John L. Welch, Esquire
November 30, 2004
Page 2


against our client regarding patent infringement, you would not
be able to seek any damages based on continued sale of the
product after notice of the allowance of the patent without
providing us with the allowed claims.  Absent such information,
we are unable to make any recommendations concerning your
demands.

    Based upon the foregoing, absent any actual evidence of
protectable intellectual property rights, your demands are
respectfully denied.  If, however, you have any evidence
regarding actual acquisition of a protectable right, please let
us know.

                         Very truly yours,


                         Peter D. Schulz
                         Of
                         GRECO TRAFICANTE & EDWARDS

PJS:nrs

cc:  Mark Ellis, President and CEO, Figi, LLC

F:\FIGI\FIG068\corresp\Welch 1130304.wpd

# Exhibit 6

# FOLEY
# HOAG LLP
ATTORNEYS AT LAW

John L. Welch
Counsel
Boston Office
617/832-1256
jwelch@foleyhoag.com

December 6, 2004
VIA FACSIMILE

Peter J. Schultz, Esq.
Greco Traficante & Edwards
555 West Beech Street, Suite 500
San Diego, CA 92101

Re:    QSL Corporation - ceramic cell phone holders

Dear Mr. Schultz:

We have your letter of November 30, 2004, responding to my letter of November 24.

Your discussion of trade dress confuses *de facto* functionality with *de jure* functionality. Our view of the trade dress issue remains unchanged.

As to the patent infringement issue, as soon as the patent issues we will let you know. Meanwhile, your client proceeds at its peril.

Yours very truly,

John L. Welch

John L. Welch

JLW/jwl

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS

FIGI ACQUISITION COMPANY, LLC

**DEFENDANTS**

QSL CORPORATION

F I L E D

04 DEC 28 PM 3: 49

U S DISTRICT COURT

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

04 CV 2579 JM (AJB)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Peter J. Schulz, Esq.
GRECO TRAFICANTE & EDWARDS
555 West Beech Street, Suite 500
San Diego, CA 92101
(619) 234-3660

ATTORNEYS (IF KNOWN)

John L. Welch, Esq.
FOLEY & HOAG, LLP
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 92210-2600   (617) 832-1258

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Declaratory Relief of Patent Invalidity and Noninfringement (35 U.S.C. sections 102-103)

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Medical Malpractice | ☐ 625 Drug Related | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 365 Personal Injury – Product Liability | Seizure of | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal Injury Product Liability | Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☒ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removal from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____ Docket Number _____

DATE

December 28, 2004

SIGNATURE OF ATTORNEY OF RECORD

Peter J. Schulz

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

1  | Peter J. Schulz, Esquire, State Bar No. 167646
   | LAW OFFICES
2  | **GRECO TRAFICANTE & EDWARDS**
   | 555 WEST BEECH STREET, SUITE 500
3  | SAN DIEGO, CALIFORNIA 92101
   | (619) 234-3660/FAX: (619) 234-0626
4  |
   | Attorneys for Plaintiff  FIGI ACQUISITION, LLC
5  |
6  |
7  |
8  |              UNITED STATES DISTRICT COURT
9  |            SOUTHERN DISTRICT OF CALIFORNIA
10 |                        '04 CV 2579 JM    (AJB)
11 | FIGI ACQUISITION COMPANY, LLC, a ) Civil Action No.
   | Delaware Limited Liability       )
12 | Company,                         )
   |                                  ) **DEMAND FOR TRIAL BY JURY**
13 |              Plaintiff,          )
   |                                  )
14 |     vs.                          )
   |                                  )
15 | QSL CORPORATION, INC., a         )
   | Massachusetts Corporation,       )
16 |                                  )
17 |              Defendant.          )
   | _____
18 |     Plaintiff FIGI ACQUISITION COMPANY, LLC, hereby demands trial
19 | by jury in this action.
20 | DATED: December 28, 2004       Respectfully submitted,
21 |                               GRECO TRAFICANTE & EDWARDS
22 |
23 |                               By: _____
   |                                   Peter J. Schulz, Esquire
24 |                                   Attorneys for Plaintiff
   |                                   FIGI ACQUISITION, LLC
25 |
26 |
27 |
28 |                        1
   | _____
   |        COMPLAINT FOR DECLARATORY RELIEF

FILED

04 DEC 28 PH 3: 49

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

Peter J. Schulz, Esquire, State Bar No. 167646
LAW OFFICES
**GRECO TRAFICANTE & EDWARDS**
555 WEST BEECH STREET, SUITE 500
SAN DIEGO, CALIFORNIA 92101
(619) 234-3660/FAX: (619) 234-0626

FILED

05 FEB -2 PM 4: 06

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Attorneys for Plaintiff  FIGI ACQUISITION, LLC

BY:                        DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIGI ACQUISITION COMPANY, LLC, a Delaware Limited Liability Company,<br><br>                    Plaintiff,<br><br>    vs.<br><br>QSL CORPORATION, INC., a Massachusetts Corporation; CKO DESIGNS, INC., a Massachusetts Corporation; and KEVIN J. QUINN, an individual,<br><br>                    Defendants. | Civil Action No. 04CV2579JM (AJB)<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**1)   DECLARATORY RELIEF OF PATENT INVALIDITY AND NONINFRINGEMENT; AND**<br><br>**2)   DECLARATORY RELIEF OF NON-INFRINGEMENT OF TRADE DRESS** |

Plaintiff, FIGI ACQUISITION COMPANY, LLC, alleges as follows:

## THE PARTIES

1.    Plaintiff FIGI ACQUISITION COMPANY, LLC, (hereinafter "FIGI") is a Delaware Limited Liability Company, doing business in the State of California, with its principal place of business located within the State of California.

2.    QSL CORPORATION, (hereinafter "QSL") is a corporation, incorporated under the laws of the State of Massachusetts, with

1

1  its principal place of business located within the State of
2  Massachusetts.

3      3.    CKO DESIGNS, INC., (hereinafter "CKO") is a corporation,
4  incorporated under the laws of the State of Massachusetts, with
5  its principal place of business located within the State of
6  Massachusetts.

7      4.    KEVIN J. QUINN (hereinafter "QUINN") is an individual
8  residing in Methuen, Massachusetts.

9

10                            **JURISDICTION AND VENUE**

11     5.    This is an action seeking declaratory relief regarding
12 the validity of an alleged United States Patent as well as
13 declaration of noninfringement of an alleged United States Patent.
14 As such, the claims herein alleged, and described more fully
15 herein, arise under federal law and involve federal questions as
16 to each parties' rights and available remedies, pursuant to the
17 Acts of Congress relating to patents.   Jurisdiction therefore
18 exists pursuant to 28 U.S.C. § 1338(a)-(b).

19     6.    Personal jurisdiction and venue in the United States
20 District Court for the Southern District of California are proper,
21 as both Plaintiff and Defendant conduct business in the Southern
22 District of California.

23                            **FACTUAL ALLEGATIONS**

24     7.    Plaintiff designs, manufactures, and distributes a
25 product line known as Ceramic Cell Phone Holders.   Ceramic Cell
26 Phone Holders are decorative ceramic art with the functional
27 capacity of being able to hold a cell phone with an opening below,

28                                    2

1  which allows for the charger cord of the phone to go unseen and
2  still provide charging features for the phone.  The decorative
3  holders are similar in shape to cell phone "base chargers" offered
4  by the many manufacturers of cell phones, but are intended to be
5  more decorative.  Pictures of Plaintiff's Ceramic Cell Phone
6  Holders from Plaintiff's catalog are attached hereto as **Exhibit 1**.

7       8.   Defendants allegedly design and market ceramic
8  accessories, including ceramic cell phone holders, marketed under
9  the name PHONE WHERE.  A photocopy provided to Plaintiff by
10 counsel for Defendants, depicting its generic, non-decorative
11 ceramic cell phone holder, is attached hereto as **Exhibit 2**.

12      9.   On November 17, 2004, Defendant QSL CORPORATION sent a
13 cease-and-desist letter to Plaintiff regarding its sales of its
14 Ceramic Cell Phone Holders.  QSL based this demand to cease and
15 desist on its claim of trade dress protection over the shape of
16 the cell phone holder, along with unspecified patent protection
17 over the cell phone holder's design and/or utility.  A copy of
18 QSL's cease-and-desist letter is attached hereto as **Exhibit 3**.

19      10.  On November 19, 2004, Plaintiff responded to QSL's
20 cease-and-desist demand on the basis that QSL had not provided any
21 evidence of ownership of protectable intellectual property rights,
22 or any useful information that would allow Plaintiff to analyze
23 the demand.  A copy of Plaintiff's 11/19/04 letter is attached
24 hereto as **Exhibit 4**.   Further information was again requested on
25 November 30, 2004.  See **Exhibit 5**.

26      11.  On December 6, 2004, QSL responded by continuing to
27 assert trade dress rights and unspecified patent protection

28                                 3

1  without providing any further information, and advised Plaintiff
2  that its continued sales would be "at its peril."  A true and
3  correct copy of QSL's December 6, 2004, letter is attached hereto
4  as **Exhibit 6.**

5      12.  On January 25, 2005, QSL demanded that Plaintiff FIGI
6  cease and desist the further import, make, use or sale of the
7  following FIGI products:

8              Vineyard Cell Phone Holder      CEL-VIN-101
9              Roses Cell Phone Holder         CEL-ROS-101
10             Butterfly Cell Phone Holder     CEL-BTF-101
11             Fishing Cell Phone Holder       CEL-FSH-101
12             Teddy Bear Cell Phone Holder    CEL-TBR-101
13             Cat Cell Phone Holder           CEL-CAT-102
14             Sailing Cell Phone Holder       CEL-SLG-101
15             Hummingbird Cell Phone Holder   CEL-HBD-101
16             Golf Cell Phone Holder          CEL-GLF-101

17     13.  Enclosed with this January 25, 2005, cease and desist
18 letter was a copy of US Design Patent D501,205, which issued that
19 same day, and which QSL CORPORATION had referred to in previous
20 correspondence.  A copy of the January 25, 2005, cease and desist
21 letter and corresponding US Patent D501,205 is attached hereto as
22 **Exhibit 7.**

23     14.  On January 25, 2005, Defendants furthermore alleged that
24 other products manufactured, advertised, and/or sold by Plaintiff
25 were also infringing on Defendants' US Design Patent D501,205.

26     15.  Defendant KEVIN J. QUINN is the inventor identified on
27 U.S. Design Patent US D501,205 issued January 25, 2005.  The

28                                    4

1   patent identifies Defendant CKO DESIGNS, INC. as the assignee.

2   QSL has failed, in all of its correspondence, to identify the

3   relationship between CKO DESIGNS, INC. and KEVIN J. QUINN, other

4   than to state that QSL CORPORATION was the owner of the 205 design

5   patent.

6   16.   In light of Defendants' unspecified allegations of trade

7   dress infringement, allegations of patent infringement, and threat

8   of litigation, Plaintiff requires a judicial declaration from this

9   Court that its Ceramic Cell Phone Holders do not infringe any

10  intellectual property rights of Defendants, and that Defendants'

11  U.S. Patent D501,205 is invalid.

12                        **ACTUAL CONTROVERSY**

13  17.   An actual controversy has arisen and now exists between

14  the parties as to: (a) the validity of U.S. Patent D501,205;  (b)

15  whether Plaintiff has infringed U.S. Patent D501,205; (c) the

16  validity of Defendants' alleged trade dress, if any, over the

17  shape of its ceramic cell phone holder; and (d) whether Plaintiff

18  has infringed Defendants' alleged trade dress.

19  18.   Accordingly, Plaintiff desires a judicial declaration by

20  this Court as to each parties' rights.

21  19.   A declaratory judgment is necessary in that Plaintiff

22  contends, and Defendants deny, that: (a) U.S. Patent D501,205 is

23  invalid; (b) Plaintiff's products do not infringe U.S. Patent

24  D501,205; (c) Defendants do not own protectable trade dress over

25  the shape of their ceramic cell phone holder; and (d) Plaintiff

26  has not infringed any trade dress rights of Defendants.

27                   **PRAYER FOR DECLARATORY JUDGMENT**

28                               5

1

2        WHEREFORE, Plaintiff prays for a declaratory judgment against

Defendants as follows:

3
        1.    That U.S. Patent D501,205 is invalid;

4
        2.    That Plaintiff has not infringed, nor has it ever sold

5
any product that infringes, U.S. Patent D501,205;

6
        3.    That the shape of Defendants' ceramic cell phone holder

7
is not protectable trade dress;

8
        4.    That Plaintiff has not infringed Defendants' alleged

9
trade dress;

10
        5.    That Plaintiff be awarded its costs, expenses, and if

11
provided for by law, its attorney's fees; and

12
        4.    For such other and further relief as the Court deems

13
just and proper.

14
DATED: February 1, 2005              GRECO TRAFICANTE & EDWARDS

15

16
                                 By: _____

17                                   Peter J. Schulz, Esquire
                                     Attorneys for Plaintiff
18                                   FIGI ACQUISITION, LLC

19

20

21

22

23

24

25

26  F:\FIGI\FIG068\Pleadings\1st Amended Complaint.wpd

27

28                                      6

# Exhibit 1

# Ceramic Cell Phone Holders

**CEL-E4D: 30 PC. CELL PHONE HOLDER PROGRAM WITH COUNTER DISPLAY — $170.00**
CONSISTS OF 3 EACH OF 10 STYLES PLUS DISPLAY, INCLUDING 3 CAT CELL PHONE HOLDERS @ NO CHARGE.
*(Western sold separately)*

CEL-E4D

*Each Ceramic Cell Phone Holder comes packaged in a Figi box with photo label.*



**80-CELL**
1-2000  ①
COUNTER DISPLAY
12" x 20"

80-CELL

**A** CEL-ROS-101
3-500  ③
ROSES - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-ROS-101

**B** CEL-BTF-101
3-500  ③
BUTTERFLIES - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-BTF-101

**C** CEL-HBD-101
3-500  ③
HUMMINGBIRD - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-HBD-101











**D** CEL-SLG-101
*3-500* ③
LIGHTHOUSE - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-SLG-101



**H** CEL-TBR-101
*3-500* ③
TALKING TEDDYBEARS - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-TBR-101





**E** CEL-CAT-102
*3-500* ③ ★★★
CAT - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-CAT-102

**I** CEL-VIN-101
*3-500* ③
VINEYARD WINE - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-VIN-101





**F** CEL-FSH-101
*3-500* ③
FISHING - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-FSH-101

**J** CEL-GLF-101
*3-500* ③
GOLF - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-GLF-101









*Western sold separately*



**G** CEL-TRP-101
*3-500* ③
TROPICAL - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-TRP-101

**K** CEL-WST-101
*3-500*
WESTERN - *Ceramic*
2.75" x 4.75' x 3.75"
*Western sold
separately.*
CEL-WST-101

# *Resin Cell Phone Holders*

**CELR-A5D: 15 PC. RESIN CELL PHONE HOLDER PROGRAM**
**WITH COUNTER DISPLAY — $95.00**
CONSISTS OF 3 EACH OF 5 STYLES PLUS DISPLAY, INCLUDING
3 CAT CELL PHONE HOLDERS @ NO CHARGE.
*(Western sold separately)*

**CELR-A5D**

‖‖‖ 0  92626 49346  5 ‖‖‖

**80-CELL**
1-2000 ①
COUNTER DISPLAY
12" x 20"

**80-CELL**

‖‖‖ 0  92626 48163  9 ‖‖‖



*Each Ceramic Cell
Phone Holder comes
packaged in a Figi box
with photo label.*



**A** **CEL-CAT-103**
3-500 ③ ★★★
CAT
4.5" x 3" x 6"

**CEL-CAT-103**

‖‖‖ 0  92626 48557  6 ‖‖‖





**B** **CEL-CHR-101**
3-500 ③
CHERRIES
3.25" x 2.75" x 3.75"

**CEL-CHR-101**

‖‖‖ 0  92626 48558  3 ‖‖‖





**C** **CEL-FLM-101**
3-500 ③
FLAMINGO
4.5" x 3.5" x 4.5"

**CEL-FLM-101**

‖‖‖ 0  92626 48560  6 ‖‖‖



**D** **CEL-SPR-101**
3-500 ③
ALL SPORT
4" x 4" x 4.25"

**CEL-SPR-101**

‖‖‖ 0  92626 48564  4 ‖‖‖



**E** **CEL-SWT-101**
3-500 ③
SOUTHWEST
3.5" x 3.25" x 4.25"

**CEL-SWT-101**

‖‖‖ 0  92626 48565  1 ‖‖‖



*Western sold separately*

**F** **CEL-WST-102**
3-500 ③
WESTERN
3.25" x 3" x 3.5"
*Western sold
separately.*

**CEL-WST-102**

‖‖‖ 0  92626 48568  2 ‖‖‖

Exhibit 2



# Exhibit 3



# FOLEY
# HOAG LLP
### ATTORNEYS AT LAW

# Fax

| | | |
|---|---|---|
| Date: | November 17, 2004 | |
| To: Figi, Inc. | Fax #: 618-262-3808 | Confirm#: 800-678-3444 |
| Client Matter#: 23424-800 | | |
| From: John L. Welch | Sender's Number: 617-832-1258 | User #: 7242 |
| Total Pages Sent (Including Cover Sheet): 5 | | Office: Boston |

**Message**

**IMPORTANT – PLEASE READ**
THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR AN AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.

IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION PLEASE TELEPHONE THE SENDER.

Seaport World Trade Center West | 155 Seaport Blvd. / Boston, MA 02210-2600 / TEL: 617.832.1000 / FAX: 617.832.7000
Foley Hoag LLP        BOSTON        WASHINGTON, DC        www.foleyhoag.com





# FOLEY
# HOAG LLP

**ATTORNEYS AT LAW**

John L. Welch
Counsel
Boston Office
617/832-1258
jwelch@foleyhoag.com

November 17, 2004

Figi, LLC
3636 Gateway Center Avenue
San Diego, CA 92102

Re: Ceramic Cell Phone Holders

Dear Sir or Madam:

This firm serves as intellectual property counsel to QSL Corporation of Dracut, Massachusetts. QSL designs and markets ceramic candle accessories and other household products, under the names WAXCESSORIES and INSIGHTS. Among the products that it created and now sells is a ceramic cell phone holder marketed under the trademark PHONE WHERE. A photograph of its product is enclosed.

It has just come to our attention that your company is offering for sale cell phone holders that are undoubtedly copied from our client's proprietary PHONE WHERE design. Several of the many variations of your company's product are depicted in the attached photographs. Our client is the owner of trademark rights in the overall shape of its cell phone holder, and furthermore will be receiving patent protection on its product in the near future.

We strongly urge your company to immediately cease and desist from all further sales of the copied cell phone holder, and to confirm same in writing. We look forward to your prompt response.

Yours very truly,

John L. Welch

JLW/jw
enclosures





# Exhibit 4

Clyde C. Greco, Jr.
Paul A. Traficante
Michael M. Edwards
Peter J. Schulz
Jon S. Brick

Philip M. McKenney
Scott B. Hilberg
Stephen F. Yurcich
Craig A. Weeber
Bay Baniadam
Laleaque Grad*
Brandy P. Tyler
Christopher D. Shurland

*Also Admitted in Arizona & Nevada

GRECO TRAFICANTE & EDWARD
A Professional Corporation
555 West Beech Street, Suite 500
San Diego, CA 92101

Northern California Office
1415 Court Street
Redding, CA 96001

Of Counsel
Stanley J. Wezelman
Phillip H. Howard

Legal Administrator
Lisa M. Class

Telephone
(619) 234-3660
Facsimile
(619) 234-0626

www.gtelaw.com
email: info@gtelaw.com

November 19, 2004

**Via Fascsimile & Mail**
John L. Welch, Esquire
FOLEY & HOAG, LLP
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 92210-2600

> Re:  *OSL CORPORATION v. FIGI, LLC*
> *Ceramic Cell Phone Holders*
> *Our File No.: FIG-068*

Dear Mr. Welch:

The undersigned serves as legal counsel to Figi, LLC. Please direct all future communications regarding the above referenced matter to my attention.

I am in receipt of your letter dated November 17, 2004. First of all, I am unable to tell from your letter exactly what intellectual property rights you are claiming. Your letter refers to the trademark PHONE WHERE. However, Figi does not use that term in any way, shape or form in connection with its products. Therefore, you have no trademark infringement claim arising out of your pending trademark for that term.

Second, you claim that you have a patent application pending for this cell phone holder product. Please provide me with the patent number, and any and all correspondence or applications for that patent protection, as we seriously question the validity of any such patent.

Third, you fail to set forth any information to support a claim for copyright infringement, or any other infringement of intellectual property rights because you have not provided any

John L. Welch, Esquire
FOLEY & HOAG, LLP
November 19, 2004
Page 2


evidence that you own any enforceable intellectual property
rights.  To the extent you have any copyright registrations,
please forward those to my attention as well, or, at least,
please provide me with your date of first publication of this
particular product and evidence of same.

Based upon the foregoing, we view your demand for cease and
desist as completely lacking in merit and substance.  As such, we
respectfully reject any and all demands contained within your
November 17, 2004, letter.  If you have any evidence you believe
may cause us to reconsider that position, please forward that
information to my attention forthwith.  In the meantime, we
reserve all rights, and waive none.

Very truly yours,


Peter M. Schulz
Of
GRECO TRAFICANTE & EDWARDS

PJS:nrs

cc:  Clyde C. Greco, Jr., Esquire (via fax & mail)
     Mark Ellis, President and CEO, Figi, LLC (via fax & mail)

# Exhibit 5

Paul A. Traficante
Michael M. Edwards
Peter J. Schulz
Jon S. Brick

Philip M. McKenney
Scott B. Hilberg
Stephen F. Yurcich
Craig A. Weeber
Bay Baniadam
Laleaque Grad*
Brandy P. Tyler
Christopher D. Shurland

*Also Admitted in Arizona & Nevada

GRECO TRAFICANTE & EDWARDS
A Professional Corporation
555 West Beech Street, Suite 500
San Diego, CA 92101

Northern California Office
9555 Crossroads Drive
Redding, CA 96003

Stanley J. Wezelman
Phillip H. Howard

Legal Administrator
Lisa M. Class

Telephone
(619) 234-3660
Facsimile
(619) 234-0626

www.gtelaw.com
email: info@gtelaw.com

November 30, 2004

**Via Facsimile & Mail**
John L. Welch, Esquire
FOLEY & HOAG, LLP
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 92210-2600

> *Re:* ***QSL CORPORATION v. FIGI, LLC***
> ***Ceramic Cell Phone Holders***
> ***Our File No.: FIG-068***

Dear Mr. Welch:

I am in receipt of your letter dated November 24, 2004. Thank you for clarifying that QSL Corporation is not asserting any claims for copyright infringement or infringement of QSL's PHONE WHERE trademark.

As I appreciate your allegation, QSL is claiming trade dress protection for the overall shape of its cell phone holder. However, QSL fails to present any evidence to support ownership of any such enforceable trade dress rights. For example, what is the date of creation? How was it created? What evidence of secondary meaning exists? What is it about the product that is non-functional and protectable? The cell phone holder which was pictured in your November 17, 2004, letter is generic and purely functional. In fact, review of your client's item side by side with our client's item suggests that the only possible similarities deal with the functional aspects of the product, and the overall shape and appearance of the two products are completely different.

With respect to your alleged pending patent application, which you state has been allowed, and will soon issue, we again request that you provide us with the application serial number. As I am sure you are aware, even if you were to pursue litigation

F:\FIGI\FIG068\corresp\Welch 1130304.wpd

John L. Welch, Esquire
November 30, 2004
Page 2


against our client regarding patent infringement, you would not be able to seek any damages based on continued sale of the product after notice of the allowance of the patent without providing us with the allowed claims. Absent such information, we are unable to make any recommendations concerning your demands.

Based upon the foregoing, absent any actual evidence of protectable intellectual property rights, your demands are respectfully denied. If, however, you have any evidence regarding actual acquisition of a protectable right, please let us know.

Very truly yours,

Peter J. Schulz
Of
GRECO TRAFICANTE & EDWARDS


PJS:nrs

cc:  Mark Ellis, President and CEO, Figi, LLC

# Exhibit 6

# FOLEY HOAG LLP

ATTORNEYS AT LAW

John L. Welch
Counsel
Boston Office
617/832-1258
jwelch@foleyhoag.com

December 6, 2004
VIA FACSIMILE

Peter J. Schultz, Esq.
Greco Traficante & Edwards
555 West Beech Street, Suite 500
San Diego, CA 92101

Re:    QSL Corporation - ceramic cell phone holders

Dear Mr. Schultz:

We have your letter of November 30, 2004, responding to my letter of November 24.

Your discussion of trade dress confuses *de facto* functionality with *de jure* functionality. Our view of the trade dress issue remains unchanged.

As to the patent infringement issue, as soon as the patent issues we will let you know. Meanwhile, your client proceeds at its peril.

Yours very truly,

John L. Welch

John L. Welch

JLW/jwl

# Exhibit 7

# FOLEY
# HOAG LLP
ATTORNEYS AT LAW

John L. Welch
Counsel
Boston Office
617/832-1258
jwelch@foleyhoag.com

January 25, 2005
VIA FACSIMILE

Peter J. Schultz, Esq.
Greco Traficante & Edwards
555 West Beech Street, Suite 500
San Diego, CA 92101

                    Re:    QSL Corporation - ceramic cell phone holders

Dear Mr. Schultz:

        You requested that we notify you and your client, Figi LLC, upon issuance of the
patent on QSL's mobile phone holder. We are pleased to enclose herewith a copy of
U.S. Design Patent D501,205, which issued today.

        To date our client is aware of the following Figi products which, we believe,
infringe upon that patent. If your client continues to import, make, use, or sell these
products, or any other products that infringe the patent, our client will take such steps as
are necessary to enforce its patent rights.

|  |  |
|---|---|
| Vineyard Cell Phone Holder | CEL-VIN-101 |
| Roses Cell Phone Holder | CEL-ROS-101 |
| Butterfly Cell Phone Holder | CEL-BTF-101 |
| Fishing Cell Phone Holder | CEL-FSH-101 |
| Teddy Bear Cell Phone Holder | CEL-TBR-101 |
| Cat Cell Phone Holder | CEL-CAT-102 |
| Sailing Cell Phone Holder | CEL-SLG-101 |
| Hummingbird Cell Phone Holder | CEL-HBD-101 |
| Golf Cell Phone Holder | CEL-GLF-101 |

Peter J. Schultz, Esq.
January 25, 2005
Page 2


    Please immediately confirm that your client has ceased its infringing activities as of today.


                    Yours very truly,


                    John L. Welch


JLW/jw
enclosure (U.S. Design Patent D501,205)

US00D501205S

(12) **United States Design Patent**     (10) Patent No.:     **US D501,205 S**

Quinn     (45) Date of Patent:     ** **Jan. 25, 2005**

(54) HOLDER/CHARGING STAND FOR A MOBILE PHONE OR THE LIKE

(75) Inventor: **Kevin J. Quinn**, Methuen, MA (US)

(73) Assignee: CKO Designs, Inc., Dracut, MA (US)

(**) Term: 14 Years

(21) Appl. No.: 29/201,860

(22) Filed: Mar. 22, 2004

(51) LOC (7) Cl. .................................................. 14-03

(52) U.S. Cl. .................................................. D14/253

(58) Field of Search .............................. D14/137, 434,
D14/138, 447, 148, 147, 149–151, 140–142,
240, 241, 251–253, 451, 218; 379/426,
449, 419, 420.01–420.04, 428.01–428.04,
440, 454, 455, 446; 455/550.1–90.3; D13/107,
108; 224/670, 197, 271; D3/218; 248/221.11,
231.81; 320/110–115

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D206,590 S | * | 1/1967 | Haggstrom | D13/108 |
| 3,644,873 A | | 2/1972 | Dalton et al. | 439/299 |
| D275,482 S | * | 9/1984 | Coons et al. | D14/253 |
| 4,741,034 A | * | 4/1988 | Errichiello et al. | 379/455 |
| D313,221 S | * | 12/1990 | Skully et al. | D13/108 |
| D334,384 S | * | 3/1993 | Nye | D14/149 |
| D345,728 S | * | 4/1994 | Tyneski et al. | D13/108 |
| D352,282 S | * | 11/1994 | Toh et al. | D14/150 |
| D357,990 S | * | 5/1995 | Cheng et al. | D26/38 |
| 5,479,486 A | * | 12/1995 | Saji | 455/573 |
| D368,892 S | * | 4/1996 | Tanaka | D13/108 |
| D369,163 S | * | 4/1996 | Leung et al. | D14/150 |
| D369,344 S | * | 4/1996 | Lindeman et al. | D13/108 |
| 5,525,888 A | * | 6/1996 | Toya | 320/111 |
| D385,252 S | * | 10/1997 | Snyder et al. | D13/108 |

| | | | | |
|---|---|---|---|---|
| D396,033 S | * | 7/1998 | Ahearn et al. | D14/457 |
| D399,244 S | * | 10/1998 | Coveley | D18/12 |
| 5,946,637 A | * | 8/1999 | Umbach et al. | 455/573 |
| D417,431 S | * | 12/1999 | Okura et al. | D13/108 |
| D422,556 S | * | 4/2000 | Okura et al. | D13/107 |
| D428,597 S | * | 7/2000 | Murata et al. | D13/108 |
| 6,130,521 A | * | 10/2000 | Collins et al. | 320/115 |
| D433,991 S | * | 11/2000 | Buchin et al. | D13/108 |
| D451,498 S | * | 12/2001 | Rossel | D14/218 |
| D460,446 S | * | 7/2002 | Hughes et al. | D14/253 |
| D463,361 S | * | 9/2002 | Ruobonen | D13/108 |
| 6,509,716 B2 | * | 1/2003 | Yi | 320/115 |
| D471,578 S | * | 3/2003 | Okuley | D16/242 |
| 6,534,953 B2 | * | 3/2003 | Shirakawa | 320/114 |
| D475,346 S | * | 6/2003 | McCurrach et al. | D13/108 |
| D477,823 S | * | 7/2003 | Lavello, Sr. | D14/253 |
| D480,393 S | * | 10/2003 | Toor et al. | D14/253 |
| D486,786 S | * | 2/2004 | Eroma et al. | D13/108 |

FOREIGN PATENT DOCUMENTS

WO     DM/061400     *     7/2002

* cited by examiner

*Primary Examiner*—Jeffrey Asch
(74) *Attorney, Agent, or Firm*—John L. Welch

(57) **CLAIM**

The ornamental design for a holder/charging stand for a mobile phone or the like, as shown and described.

**DESCRIPTION**

FIG. 1 is perspective view of the holder/charging stand for a mobile phone or the like according to our new design, as seen from the left front corner thereof.

FIG. 2 is right side elevational rear view thereof, the left side elevational view being a mirror image thereof.

FIG. 3 is a front elevational view thereof; and,

FIG. 4 is a top plan view thereof.

1 Claim, 1 Drawing Sheet



# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

FIGI ACQUISITION COMPANY, LLC, a Delaware
Limited Liability Company,

                                    Plaintiff,

**vs**

QSL CORPORATION, INC., a Massachusetts
Corporation; CKO DESIGNS, INC., a
Massachusetts Corporation; and KEVIN J.
QUINN, an individual,

                                    Defendants.

**SUMMONS IN A CIVIL ACTION**

Case No. 04CV2579 JM (AJB)

ON FIRST AMENDED COMPLAINT

TO: (Name and Address of Defendant)

        QSL CORPORATION, INC., a Massachusetts corporation

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon
PLAINTIFF'S ATTORNEY

Peter J. Schulz, Esquire
GRECO TRAFICANTE & EDWARDS
555 West Beech Street, Ste. 500
San Diego, CA 92101
Tel: (619) 234-3660/Fax: (619) 234-0646

An answer to the complaint which is herewith served upon you, within <u>twenty (20)</u>          days after
service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.

FEB  2 2005

_____                          _____
        W. Samuel Hamrick, Jr.                                       DATE
                CLERK
                C. Silva

_____
By                              , Deputy Clerk

Summons in a Civil Action

::ODMA\PCDOCS\WORDPERFECT\14443\1 May 5, 1999 (11:34am)                              AO-440S

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

FIGI ACQUISITION COMPANY, LLC, a Delaware
Limited Liability Company,

                                Plaintiff,

                    vs

QSL CORPORATION, INC., a Massachusetts
Corporation; CKO DESIGNS, INC., a
Massachusetts Corporation; and KEVIN J.
QUINN, an individual,

                                Defendants.

**SUMMONS IN A CIVIL ACTION**

Case No. 04CV2579 JM (AJB)

ON FIRST AMENDED COMPLAINT

TO: (Name and Address of Defendant)

            CKO DESIGNS, INC., a Massachusetts Corporation

    YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon
PLAINTIFF'S ATTORNEY

Peter J. Schulz, Esquire
GRECO TRAFICANTE & EDWARDS
555 West Beech Street, Ste. 500
San Diego, CA 92101
Tel: (619) 234-3660/Fax: (619) 234-0646

An answer to the complaint which is herewith served upon you, within <u>twenty (20)</u>          days after
service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.

FEB  2 2005

|  |  |
|---|---|
| W. Samuel Hamrick, Jr. | |
| CLERK | DATE |
| C. Silva | |

By                                    , Deputy Clerk

Summons in a Civil Action

::ODMA\PCDOCS\WORDPERFECT\14443\1 May 5, 1999 (11:34am)                                        AO-440S

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

FIGI ACQUISITION COMPANY, LLC, a Delaware
Limited Liability Company,

                                        Plaintiff,

**vs**

QSL CORPORATION, INC., a Massachusetts
Corporation; CKO DESIGNS, INC., a
Massachusetts Corporation; and KEVIN J.
QUINN, an individual,

                                        Defendants.

**SUMMONS IN A CIVIL ACTION**

Case No. 04CV2579 JM (AJB)

ON FIRST AMENDED COMPLAINT

TO: (Name and Address of Defendant)

         KEVIN J. QUINN, an individual

     YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon
PLAINTIFF'S ATTORNEY

Peter J. Schulz, Esquire
GRECO TRAFICANTE & EDWARDS
555 West Beech Street, Ste. 500
San Diego, CA 92101
Tel: (619) 234-3660/Fax: (619) 234-0646

An answer to the complaint which is herewith served upon you, within <u>twenty (20)</u>        days after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.

W. Samuel Hamrick, Jr.
CLERK

C. Silva

FEB  2 2005

DATE

By _____ , Deputy Clerk

Summons in a Civil Action

::ODMA\PCDOCS\WORDPERFECT\14443\1 May 5, 1999 (11:34am)

AO-440S

Clyde C. Greco, Jr.
Paul A. Traficante
Michael M. Edwards
Peter J. Schulz
Jon S. Brick

Philip M. McKenney
Scott B. Hilberg
Stephen F. Yurcich
Craig A. Weeber
Bay Baniadam
Laleaque Grad*
Brandy P. Tyler

*Also Admitted in Arizona & Nevada

Law Offices
## GRECO TRAFICANTE & EDWARDS
A Professional Corporation
555 West Beech Street, Suite 500
San Diego, CA 92101

Northern California Office
9555 Crossroads Drive
Redding, CA 96003

Of Counsel
Stanley J. Wezelman
Phillip H. Howard

Legal Administrator
Lisa M. Class

Telephone
(619) 234-3660
Facsimile
(619) 234-0626

www.gtelaw.com
email: info@gtelaw.com

February 4, 2005

John L. Welch, Esquire
FOLEY & HOAG, LLP
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 92210-2600

Re:    **QSL CORPORATION v. FIGI, LLC**
       **Ceramic Cell Phone Holders**
       **Our File No.: FIG-068**

Dear Mr. Welch:

I am in receipt of your letter dated January 25, 2005. Previously, based upon your December 6, 2004, letter, we filed an action for declaratory relief in the United States District Court for the Southern District of California on December 28, 2004. We held off from serving that matter due to our belief that your client had abandoned its position, having heard nothing. However, based upon the allegations set forth in your January 25, 2005, letter, as well as the issuance of U.S. Design Patent D501,205, we have amended the complaint, and are presenting that to you, along with a Waiver and Acknowledgment of Service. I have included three separate service packages and three separate Waivers, one for each defendant. If you are not authorized to accept service or are unable to accept service on behalf of any of these entities, please afford me the courtesy of advising us as soon as possible so that we can arrange for personal service of the summons and complaint.

## Greco Traficante & Edwards

John L. Welch, Esquire
February 4, 2005
Page 2


        In the meantime, if you have any questions or concerns
regarding this or any other issue, please let me know.

                        Very truly yours,


                        Peter J. Schulz
                        Of
                        GRECO TRAFICANTE & EDWARDS

PJS:nrs
Enclosures

cc:  Clyde C. Greco, Jr., Esquire (w/o encls.)
     Mark Ellis, President and CEO, Figi, LLC (w/o encls.)

AO 399  (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: <u>PETER J. SCHULZ, ESQUIRE</u>
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, <u>KEVIN J. QUINN</u> , acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action <u>FIGI ACQUISITION v. QSL CORPORATION, et al.</u> ,
(CAPTION OF ACTION)

of which is case number <u>04CV2579 JM (AJB)</u> in the United States District Court for the
(DOCKET NUMBER)

<u>SOUTHERN</u> District of <u>CALIFORNIA</u> .

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after <u>February 4, 2005</u> ,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____                    _____
(DATE)                                        (SIGNATURE)

                        Printed/Typed Name: _____

                        As _____ of _____
                            (TITLE)            (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

AO-399

AO 399  (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: <u>PETER J. SCHULZ, ESQUIRE</u>
    (NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

    I, <u>CKO DESIGNS, INC.</u> _____ , acknowledge receipt of your request
    (DEFENDANT NAME)

that I waive service of summons in the action <u>FIGI ACQUISITION v. QSL CORPORATION, et al.</u> _____ ,
    (CAPTION OF ACTION)

of which is case number <u>04CV2579 JM (AJB)</u> _____ in the United States District Court for the
    (DOCKET NUMBER)

_____ <u>SOUTHERN</u> ____ District of <u>CALIFORNIA</u> _____ .

    I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

    I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after <u>February 4, 2005</u> _____ ,
    (DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____          _____
        (DATE)                                          (SIGNATURE)

                Printed/Typed Name: _____

                As _____ of _____
                         (TITLE)              (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

    Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

    It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

AO 399  (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: <u>PETER J. SCHULZ, ESQUIRE</u>
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, <u>QSL CORPORATION, INC.</u>, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action <u>FIGI ACQUISITION v. QSL CORPORATION, et al.</u>,
(CAPTION OF ACTION)

of which is case number <u>04CV2579 JM (AJB)</u> in the United States District Court for the
(DOCKET NUMBER)

<u>SOUTHERN</u> District of <u>CALIFORNIA</u>.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by
which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit
by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner
provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the
jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the
summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an
answer or motion under Rule 12 is not served upon you within 60 days after <u>February 4, 2005</u>,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____              _____
(DATE)                                            (SIGNATURE)

                          Printed/Typed Name: _____

                          As _____ of _____
                                   (TITLE)                    (CORPORATE DEFENDANT)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons
and complaint.  A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States
to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign
and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought
in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.  A party who waives service
of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object
to the jurisdiction of the court or to the place where the action has been brought.

AO-399

Peter J. Schulz, Esquire, State Bar No. 167646
LAW OFFICES
**GRECO TRAFICANTE & EDWARDS**
555 WEST BEECH STREET, SUITE 500
SAN DIEGO, CALIFORNIA 92101
(619) 234-3660/FAX: (619) 234-0626

FILED

05 FEB -2 PM 4: 06

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Attorneys for Plaintiff  FIGI ACQUISITION, LLC

BY:                    DEPUTY


# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIGI ACQUISITION COMPANY, LLC, a Delaware Limited Liability Company,<br><br>           Plaintiff,<br><br>   vs.<br><br>QSL CORPORATION, INC., a Massachusetts Corporation; CKO DESIGNS, INC., a Massachusetts Corporation; and KEVIN J. QUINN, an individual,<br><br>           Defendants. | Civil Action No. 04CV2579JM (AJB)<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1)  **DECLARATORY RELIEF OF PATENT INVALIDITY AND NONINFRINGEMENT; AND**<br><br>2)  **DECLARATORY RELIEF OF NON-INFRINGEMENT OF TRADE DRESS** |

Plaintiff, FIGI ACQUISITION COMPANY, LLC, alleges as follows:

### THE PARTIES

1.    Plaintiff FIGI ACQUISITION COMPANY, LLC, (hereinafter "FIGI") is a Delaware Limited Liability Company, doing business in the State of California, with its principal place of business located within the State of California.

2.    QSL CORPORATION, (hereinafter "QSL") is a corporation, incorporated under the laws of the State of Massachusetts, with

1

1  its principal place of business located within the State of
2  Massachusetts.

3      3.   CKO DESIGNS, INC., (hereinafter "CKO") is a corporation,
4  incorporated under the laws of the State of Massachusetts, with
5  its principal place of business located within the State of
6  Massachusetts.

7      4.   KEVIN J. QUINN (hereinafter "QUINN") is an individual
8  residing in Methuen, Massachusetts.

9

10                         **JURISDICTION AND VENUE**

11      5.   This is an action seeking declaratory relief regarding
12  the validity of an alleged United States Patent as well as
13  declaration of noninfringement of an alleged United States Patent.
14  As such, the claims herein alleged, and described more fully
15  herein, arise under federal law and involve federal questions as
16  to each parties' rights and available remedies, pursuant to the
17  Acts of Congress relating to patents.  Jurisdiction therefore
18  exists pursuant to 28 U.S.C. § 1338(a)-(b).

19      6.   Personal jurisdiction and venue in the United States
20  District Court for the Southern District of California are proper,
21  as both Plaintiff and Defendant conduct business in the Southern
22  District of California.

23                         **FACTUAL ALLEGATIONS**

24      7.   Plaintiff designs, manufactures, and distributes a
25  product line known as Ceramic Cell Phone Holders.  Ceramic Cell
26  Phone Holders are decorative ceramic art with the functional
27  capacity of being able to hold a cell phone with an opening below,

28                            2

1   which allows for the charger cord of the phone to go unseen and
2   still provide charging features for the phone.  The decorative
3   holders are similar in shape to cell phone "base chargers" offered
4   by the many manufacturers of cell phones, but are intended to be
5   more decorative.  Pictures of Plaintiff's Ceramic Cell Phone
6   Holders from Plaintiff's catalog are attached hereto as **Exhibit 1**.

7       8.    Defendants allegedly design and market ceramic
8   accessories, including ceramic cell phone holders, marketed under
9   the name PHONE WHERE.  A photocopy provided to Plaintiff by
10  counsel for Defendants, depicting its generic, non-decorative
11  ceramic cell phone holder, is attached hereto as **Exhibit 2**.

12      9.    On November 17, 2004, Defendant QSL CORPORATION sent a
13  cease-and-desist letter to Plaintiff regarding its sales of its
14  Ceramic Cell Phone Holders.  QSL based this demand to cease and
15  desist on its claim of trade dress protection over the shape of
16  the cell phone holder, along with unspecified patent protection
17  over the cell phone holder's design and/or utility.  A copy of
18  QSL's cease-and-desist letter is attached hereto as **Exhibit 3**.

19      10.   On November 19, 2004, Plaintiff responded to QSL's
20  cease-and-desist demand on the basis that QSL had not provided any
21  evidence of ownership of protectable intellectual property rights,
22  or any useful information that would allow Plaintiff to analyze
23  the demand.  A copy of Plaintiff's 11/19/04 letter is attached
24  hereto as **Exhibit 4**.   Further information was again requested on
25  November 30, 2004.  See **Exhibit 5**.

26      11.   On December 6, 2004, QSL responded by continuing to
27  assert trade dress rights and unspecified patent protection

28                              3

1 without providing any further information, and advised Plaintiff
2 that its continued sales would be "at its peril."  A true and
3 correct copy of QSL's December 6, 2004, letter is attached hereto
4 as **Exhibit 6.**

5     12.  On January 25, 2005, QSL demanded that Plaintiff FIGI
6 cease and desist the further import, make, use or sale of the
7 following FIGI products:

8              Vineyard Cell Phone Holder    CEL-VIN-101
9              Roses Cell Phone Holder       CEL-ROS-101
10             Butterfly Cell Phone Holder   CEL-BTF-101
11             Fishing Cell Phone Holder     CEL-FSH-101
12             Teddy Bear Cell Phone Holder  CEL-TBR-101
13             Cat Cell Phone Holder         CEL-CAT-102
14             Sailing Cell Phone Holder     CEL-SLG-101
15             Hummingbird Cell Phone Holder CEL-HBD-101
16             Golf Cell Phone Holder        CEL-GLF-101

17     13.  Enclosed with this January 25, 2005, cease and desist
18 letter was a copy of US Design Patent D501,205, which issued that
19 same day, and which QSL CORPORATION had referred to in previous
20 correspondence.  A copy of the January 25, 2005, cease and desist
21 letter and corresponding US Patent D501,205 is attached hereto as
22 **Exhibit 7.**

23     14.  On January 25, 2005, Defendants furthermore alleged that
24 other products manufactured, advertised, and/or sold by Plaintiff
25 were also infringing on Defendants' US Design Patent D501,205.

26     15.  Defendant KEVIN J. QUINN is the inventor identified on
27 U.S. Design Patent US D501,205 issued January 25, 2005.  The

28                               4

1  patent identifies Defendant CKO DESIGNS, INC. as the assignee.
2  QSL has failed, in all of its correspondence, to identify the
3  relationship between CKO DESIGNS, INC. and KEVIN J. QUINN, other
4  than to state that QSL CORPORATION was the owner of the 205 design
5  patent.

6      16.   In light of Defendants' unspecified allegations of trade
7  dress infringement, allegations of patent infringement, and threat
8  of litigation, Plaintiff requires a judicial declaration from this
9  Court that its Ceramic Cell Phone Holders do not infringe any
10  intellectual property rights of Defendants, and that Defendants'
11  U.S. Patent D501,205 is invalid.

12                          **ACTUAL CONTROVERSY**

13      17.   An actual controversy has arisen and now exists between
14  the parties as to: (a) the validity of U.S. Patent D501,205;   (b)
15  whether Plaintiff has infringed U.S. Patent D501,205; (c) the
16  validity of Defendants' alleged trade dress, if any, over the
17  shape of its ceramic cell phone holder; and (d) whether Plaintiff
18  has infringed Defendants' alleged trade dress.

19      18.   Accordingly, Plaintiff desires a judicial declaration by
20  this Court as to each parties' rights.

21      19.   A declaratory judgment is necessary in that Plaintiff
22  contends, and Defendants deny, that: (a) U.S. Patent D501,205 is
23  invalid; (b) Plaintiff's products do not infringe U.S. Patent
24  D501,205; (c) Defendants do not own protectable trade dress over
25  the shape of their ceramic cell phone holder; and (d) Plaintiff
26  has not infringed any trade dress rights of Defendants.

27                      **PRAYER FOR DECLARATORY JUDGMENT**

28                                   5

1

WHEREFORE, Plaintiff prays for a declaratory judgment against

2

Defendants as follows:

3

1.    That U.S. Patent D501,205 is invalid;

4

2.    That Plaintiff has not infringed, nor has it ever sold

5

any product that infringes, U.S. Patent D501,205;

6

3.    That the shape of Defendants' ceramic cell phone holder

7

is not protectable trade dress;

8

4.    That Plaintiff has not infringed Defendants' alleged

9

trade dress;

10

5.    That Plaintiff be awarded its costs, expenses, and if

11

provided for by law, its attorney's fees; and

12

4.    For such other and further relief as the Court deems

13

just and proper.

14

DATED: February 1, 2005          GRECO TRAFICANTE & EDWARDS

15

16

By: _____

17

Peter J. Schulz, Esquire
Attorneys for Plaintiff

18

FIGI ACQUISITION, LLC

19

20

21

22

23

24

25

26    F:\FIGI\FIG068\Pleadings\1st Amended Complaint.wpd

27

28                                    6

# Exhibit 1

# Ceramic Cell Phone Holders

**CEL-E4D: 30 PC. CELL PHONE HOLDER PROGRAM WITH COUNTER DISPLAY — $170.00**
CONSISTS OF 3 EACH OF 10 STYLES PLUS DISPLAY, INCLUDING 3 CAT CELL PHONE HOLDERS @ NO CHARGE.

*(Western sold separately)*

CEL-E4D

Each Ceramic Cell Phone Holder comes packaged in a Figi box with photo label.



**8D-CELL**
1-2000 ③
COUNTER DISPLAY
12" x 20"

8D-CELL

**A** CEL-ROS-101
3-500 ③
ROSES - *Ceramic*
2.75" x 4.75' x 3.75"

CEL-ROS-101



**B** CEL-BTF-101
3-500 ③
BUTTERFLIES - *Ceramic*
2.75" x 4.75' x 3.75"

CEL-BTF-101



**C** CEL-HBD-101
3-500 ③
HUMMINGBIRD - *Ceramic*
2.75" x 4.75' x 3.75"

CEL-HBD-101





**D** CEL-SLG-101
*3-500* ③
LIGHTHOUSE - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-SLG-101





**H** CEL-TBR-101
*3-500* ③
TALKING TEDDYBEARS -
*Ceramic*
2.75" x 4.75' x 3.75"
CEL-TBR-101





**E** CEL-CAT-102
*3-500* ③ ★★★
CAT - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-CAT-102





**I** CEL-VIN-101
*3-500* ③
VINEYARD WINE - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-VIN-101



**F** CEL-FSH-101
*3-500* ③
FISHING - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-FSH-101





**J** CEL-GLF-101
*3-500* ③
GOLF - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-GLF-101

*Western sold separately*



**G** CEL-TRP-101
*3-500* ③
TROPICAL - *Ceramic*
2.75" x 4.75' x 3.75"
CEL-TRP-101





**K** CEL-WST-101
*3-500*
WESTERN - *Ceramic*
2.75" x 4.75' x 3.75"
***Western sold
separately.***
CEL-WST-101

CALL TOLL FREE: 800-678-FIGI    www.figi.net

# *Resin Cell Phone Holders*

**CELR-A5D: 15 PC. RESIN CELL PHONE HOLDER PROGRAM
WITH COUNTER DISPLAY — $95.00**
CONSISTS OF 3 EACH OF 5 STYLES PLUS DISPLAY, INCLUDING
3 CAT CELL PHONE HOLDERS @ NO CHARGE.
*(Western sold separately)*

CELR-A5D





**80-CELL**
1-2000 ①
COUNTER DISPLAY
12" x 20"

80-CELL



*Each Ceramic Cell
Phone Holder comes
packaged in a Figi box
with photo label.*



**A  CEL-CAT-103**
3-500 ③ ★★★
CAT
4.5" x 3" x 6"
CEL-CAT-103





**B  CEL-CHR-101**
3-500 ③
CHERRIES
3.25" x 2.75" x 3.75"
CEL-CHR-101





**C  CEL-FLM-101**
3-500 ③
FLAMINGO
4.5" x 3.25" x 4.5"
CEL-FLM-101



**D  CEL-SPR-101**
3-500 ③
ALL SPORT
4" x 4" x 4.25"
CEL-SPR-101



*Western sold separately*



**E  CEL-SWT-101**
3-500 ③
SOUTHWEST
3.5" x 3.25" x 4.25"
CEL-SWT-101

**F  CEL-WST-102**
3-500
WESTERN
3.25" x 3" x 3.5"
*Western sold
separately.*
CEL-WST-102

# Exhibit 2



# Exhibit 3



# FOLEY HOAG LLP
## ATTORNEYS AT LAW

# Fax

| Date: | November 17, 2004 | | |
|---|---|---|---|
| To: | Figi, Inc. | Fax #: 619-262-3608 | Confirm#: 800-678-3444 |
| Client Matter#: | 23424-900 | | |
| From: | John L. Welch | Sender's Number: 617-832-1258 | User #: 7242 |
| Total Pages Sent (Including Cover Sheet): | 5 | | Office: Boston |

**Message**

**IMPORTANT -- PLEASE READ**
THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR AN AGENT RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, AND THAT ANY REVIEW, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL. THANK YOU.

IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION PLEASE TELEPHONE THE SENDER.

Seaport World Trade Center West | 155 Seaport Blvd. / Boston, MA 02210-2600 / TEL: 617.832.1000 / FAX: 617.832.7000
Foley Hoag LLP          BOSTON          WASHINGTON, DC          www.foleyhoag.com





# FOLEY
# HOAG LLP
#### ATTORNEYS AT LAW

John L. Welch
Counsel
Boston Office
617/832-1258
jwelch@foleyhoag.com

November 17, 2004

Figi, LLC
3636 Gateway Center Avenue
San Diego, CA 92102

Re: Ceramic Cell Phone Holders

Dear Sir or Madam:

This firm serves as intellectual property counsel to QSL Corporation of Dracut, Massachusetts. QSL designs and markets ceramic candle accessories and other household products, under the names WAXCESSORIES and INSIGHTS. Among the products that it created and now sells is a ceramic cell phone holder marketed under the trademark PHONE WHERE. A photograph of its product is enclosed.

It has just come to our attention that your company is offering for sale cell phone holders that are undoubtedly copied from our client's proprietary PHONE WHERE design. Several of the many variations of your company's product are depicted in the attached photographs. Our client is the owner of trademark rights in the overall shape of its cell phone holder, and furthermore will be receiving patent protection on its product in the near future.

We strongly urge your company to immediately cease and desist from all further sales of the copied cell phone holder, and to confirm same in writing. We look forward to your prompt response.

Yours very truly,

John L. Welch

JLW/jw
enclosures





# Exhibit 4

Clyde C. Greco, Jr.
Paul A. Traficante
Michael M. Edwards
Peter J. Schulz
Jon S. Brick

Philip M. McKenney
Scott B. Hilberg
Stephen F. Yurcich
Craig A. Weeber
Bay Baniadam
Lalaque Grad*
Brandy P. Tyler
Christopher D. Sburland

*Also Admitted in Arizona & Nevada

GRECO TRAFICANTE & EDWAR
A Professional Corporation
555 West Beech Street, Suite 500
San Diego, CA 92101

Northern California Office
1415 Court Street
Redding, CA 96001

Stanley J. Wezelman
Phillip H. Howard

Legal Administrator
Lisa M. Class

Telephone
(619) 234-3660
Facsimile
(619) 234-0626

www.gtelaw.com
email: info@gtelaw.com

November 19, 2004

**Via Fascsimile & Mail**
John L. Welch, Esquire
FOLEY & HOAG, LLP
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 92210-2600

> Re:    *OSL CORPORATION v. FIGI, LLC*
> *Ceramic Cell Phone Holders*
> *Our File No.: FIG-068*

Dear Mr. Welch:

The undersigned serves as legal counsel to Figi, LLC. Please direct all future communications regarding the above referenced matter to my attention.

I am in receipt of your letter dated November 17, 2004. First of all, I am unable to tell from your letter exactly what intellectual property rights you are claiming. Your letter refers to the trademark PHONE WHERE. However, Figi does not use that term in any way, shape or form in connection with its products. Therefore, you have no trademark infringement claim arising out of your pending trademark for that term.

Second, you claim that you have a patent application pending for this cell phone holder product. Please provide me with the patent number, and any and all correspondence or applications for that patent protection, as we seriously question the validity of any such patent.

Third, you fail to set forth any information to support a claim for copyright infringement, or any other infringement of intellectual property rights because you have not provided any

John L. Welch, Esquire
FOLEY & HOAG, LLP
November 19, 2004
Page 2


evidence that you own any enforceable intellectual property
rights.  To the extent you have any copyright registrations,
please forward those to my attention as well, or, at least,
please provide me with your date of first publication of this
particular product and evidence of same.

     Based upon the foregoing, we view your demand for cease and
desist as completely lacking in merit and substance.  As such, we
respectfully reject any and all demands contained within your
November 17, 2004, letter.  If you have any evidence you believe
may cause us to reconsider that position, please forward that
information to my attention forthwith.  In the meantime, we
reserve all rights, and waive none.

                              Very truly yours,


                              Peter J. Schulz
                              Of
                              GRECO TRAFICANTE & EDWARDS

PJS:nrs

cc:  Clyde C. Greco, Jr., Esquire (via fax & mail)
     Mark Ellis, President and CEO, Figi, LLC (via fax & mail)

# Exhibit 5

Clyde & Co. LLP
Paul A. Traficante
Michael M. Edwards
Peter J. Schulz
Jon S. Brick

Philip M. McKenney
Scott B. Hilberg
Stephen F. Yurcich
Craig A. Weeber
Bay Baniadam
Laleaque Grad*
Brandy P. Tyler
Christopher D. Sburland

*Also Admitted in Arizona & Nevada

GRECO TRAFICANTE & EDWARDS
A Professional Corporation
555 West Beech Street, Suite 500
San Diego, CA 92101

Northern California Office
9555 Crossroads Drive
Redding, CA 96003

Stanley J. Wezelman
Phillip H. Howard

Legal Administrator
Lisa M. Class

Telephone
(619) 234-3660
Facsimile
(619) 234-0626

www.gtelaw.com
email: info@gtelaw.com

November 30, 2004

**Via Facsimile & Mail**
John L. Welch, Esquire
FOLEY & HOAG, LLP
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 92210-2600

> *Re:*  *OSL CORPORATION v. FIGI, LLC*
> *Ceramic Cell Phone Holders*
> *Our File No.: FIG-068*

Dear Mr. Welch:

I am in receipt of your letter dated November 24, 2004. Thank you for clarifying that QSL Corporation is not asserting any claims for copyright infringement or infringement of QSL's PHONE WHERE trademark.

As I appreciate your allegation, QSL is claiming trade dress protection for the overall shape of its cell phone holder. However, QSL fails to present any evidence to support ownership of any such enforceable trade dress rights. For example, what is the date of creation? How was it created? What evidence of secondary meaning exists? What is it about the product that is non-functional and protectable? The cell phone holder which was pictured in your November 17, 2004, letter is generic and purely functional. In fact, review of your client's item side by side with our client's item suggests that the only possible similarities deal with the functional aspects of the product, and the overall shape and appearance of the two products are completely different.

With respect to your alleged pending patent application, which you state has been allowed, and will soon issue, we again request that you provide us with the application serial number. As I am sure you are aware, even if you were to pursue litigation

John L. Welch, Esquire
November 30, 2004
Page 2

against our client regarding patent infringement, you would not be able to seek any damages based on continued sale of the product after notice of the allowance of the patent without providing us with the allowed claims. Absent such information, we are unable to make any recommendations concerning your demands.

Based upon the foregoing, absent any actual evidence of protectable intellectual property rights, your demands are respectfully denied. If, however, you have any evidence regarding actual acquisition of a protectable right, please let us know.

Very truly yours,

Peter J. Schulz
Of
GRECO TRAFICANTE & EDWARDS

PJS:nrs

cc: Mark Ellis, President and CEO, Figi, LLC

# Exhibit 6



**FOLEY HOAG** LLP
ATTORNEYS AT LAW

John L. Welch
Counsel
Boston Office
617/832-1256
jwelch@foleyhoag.com

December 6, 2004
VIA FACSIMLE

Peter J. Schultz, Esq.
Greco Traficante & Edwards
555 West Beech Street, Suite 500
San Diego, CA 92101

Re:    QSL Corporation - ceramic cell phone holders

Dear Mr. Schultz:

        We have your letter of November 30, 2004, responding to my letter of November 24.

        Your discussion of trade dress confuses *de facto* functionality with *de jure* functionality. Our view of the trade dress issue remains unchanged.

        As to the patent infringement issue, as soon as the patent issues we will let you know. Meanwhile, your client proceeds at its peril.

                        Yours very truly,

                        John L Welch

                        John L. Welch

JLW/jwl

# Exhibit 7

# FOLEY
# HOAG LLP
ATTORNEYS AT LAW

John L. Welch
Counsel
Boston Office
617/832-1258
jwelch@foleyhoag.com

January 25, 2005
VIA FACSIMILE

Peter J. Schultz, Esq.
Greco Traficante & Edwards
555 West Beech Street, Suite 500
San Diego, CA 92101

      Re:    QSL Corporation - ceramic cell phone holders

Dear Mr. Schultz:

You requested that we notify you and your client, Figi LLC, upon issuance of the patent on QSL's mobile phone holder. We are pleased to enclose herewith a copy of U.S. Design Patent D501,205, which issued today.

To date our client is aware of the following Figi products which, we believe, infringe upon that patent. If your client continues to import, make, use, or sell these products, or any other products that infringe the patent, our client will take such steps as are necessary to enforce its patent rights.

| | |
|---|---|
| Vineyard Cell Phone Holder | CEL-VIN-101 |
| Roses Cell Phone Holder | CEL-ROS-101 |
| Butterfly Cell Phone Holder | CEL-BTF-101 |
| Fishing Cell Phone Holder | CEL-FSH-101 |
| Teddy Bear Cell Phone Holder | CEL-TBR-101 |
| Cat Cell Phone Holder | CEL-CAT-102 |
| Sailing Cell Phone Holder | CEL-SLG-101 |
| Hummingbird Cell Phone Holder | CEL-HBD-101 |
| Golf Cell Phone Holder | CEL-GLF-101 |

Peter J. Schultz, Esq.
January 25, 2005
Page 2

    Please immediately confirm that your client has ceased its infringing activities as
of today.

                                        Yours very truly,

                                        John L. Welch
                                        John L. Welch

JLW/jw
enclosure (U.S. Design Patent D501,205)

US00D501205S

(12) **United States Design Patent**          (10) Patent No.:          **US D501,205 S**
   Quinn          (45) Date of Patent:          ** **Jan. 25, 2005**

(54) **HOLDER/CHARGING STAND FOR A MOBILE PHONE OR THE LIKE**

(75) Inventor: **Kevin J. Quinn**, Methuen, MA (US)

(73) Assignee: **CKO Designs, Inc.**, Dracut, MA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/201,860**

(22) Filed: **Mar. 22, 2004**

(51) LOC Cl. ..................................................... **14-03**

(52) U.S. Cl. ................................................. **D14/253**

(58) Field of Search ........................... D14/137, 434,
D14/138, 447, 148, 147, 149–151, 140–142,
240, 241, 251–253, 451, 218; 379/426,
449, 419, 420.01–420.04, 428.01–428.04,
440, 454, 455, 446; 455/550.1–90.3; D13/107,
108; 224/670, 197, 271; D3/218; 248/221.11,
231.81; 320/110–115

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D206,590 | S | * | 1/1967 | Haggstrom ................. D13/108 |
| 3,644,873 | A | * | 2/1972 | Dalton et al. ............... 439/299 |
| D275,482 | S | * | 9/1984 | Coons et al. ............... D14/253 |
| 4,741,034 | A | * | 4/1988 | Errichiello et al. ........ 379/455 |
| D313,221 | S | * | 12/1990 | Skully et al. .............. D13/108 |
| D334,384 | S | * | 3/1993 | Nye ...................... D14/149 |
| D345,728 | S | * | 4/1994 | Tyneski et al. ............ D13/108 |
| D352,282 | S | * | 11/1994 | Toh et al. ................. D14/150 |
| D357,990 | S | * | 5/1995 | Cheng et al. ............... D26/38 |
| 5,479,486 | A | * | 12/1995 | Saji ...................... 455/573 |
| D368,892 | S | * | 4/1996 | Tanaka .................... D13/108 |
| D369,163 | S | * | 4/1996 | Leung et al. ............... D14/150 |
| D369,344 | S | * | 4/1996 | Lindeman et al. .......... D13/108 |
| 5,525,888 | A | * | 6/1996 | Toya ...................... 320/111 |
| D385,252 | S | * | 10/1997 | Snyder et al. ............. D13/108 |

| | | | | |
|---|---|---|---|---|
| D396,033 | S | * | 7/1998 | Ahearn et al. ............. D14/457 |
| D399,244 | S | * | 10/1998 | Coveley ................... D18/12 |
| 5,946,637 | A | * | 8/1999 | Umbach et al. ............. 455/573 |
| D417,431 | S | * | 12/1999 | Okura et al. .............. D13/108 |
| D422,556 | S | * | 4/2000 | Okura et al. .............. D13/107 |
| D428,597 | S | * | 7/2000 | Murata et al. ............. D13/108 |
| 6,130,521 | A | * | 10/2000 | Collins et al. ............ 320/115 |
| D433,991 | S | * | 11/2000 | Buchin et al. ............. D13/108 |
| D451,498 | S | * | 12/2001 | Rossel .................... D14/218 |
| D460,446 | S | * | 7/2002 | Hughes et al. ............. D14/253 |
| D463,361 | S | * | 9/2002 | Ruohonen .................. D13/108 |
| 6,509,716 | B2 | * | 1/2003 | Yi ........................ 320/115 |
| D471,578 | S | * | 3/2003 | Okuley ................... D16/242 |
| 6,534,953 | B2 | * | 3/2003 | Shirakawa ................. 320/114 |
| D475,346 | S | * | 6/2003 | McCurrach et al. ......... D13/108 |
| D477,823 | S | * | 7/2003 | Lavello, Sr. ............. D14/253 |
| D480,393 | S | * | 10/2003 | Toor et al. ............... D14/253 |
| D486,786 | S | * | 2/2004 | Eroma et al. ............. D13/108 |

FOREIGN PATENT DOCUMENTS

WO    DM/061400   * 7/2002

* cited by examiner

*Primary Examiner*—Jeffrey Asch
(74) *Attorney, Agent, or Firm*—John L. Welch

(57) **CLAIM**

The ornamental design for a holder/charging stand for a mobile phone or the like, as shown and described.

**DESCRIPTION**

FIG. 1 is perspective view of the holder/charging stand for a mobile phone or the like according to our new design, as seen from the left front corner thereof.

FIG. 2 is right side elevational rear view thereof, the left side elevational view being a mirror image thereof;

FIG. 3 is a front elevational view thereof; and,

FIG. 4 is a top plan view thereof.

**1 Claim, 1 Drawing Sheet**



# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

FIGI ACQUISITION COMPANY, LLC, a Delaware
Limited Liability Company,

                          Plaintiff,

                 vs

QSL CORPORATION, INC., a Massachusetts
Corporation; CKO DESIGNS, INC., a
Massachusetts Corporation; and KEVIN J.
QUINN, an individual,

                          Defendants.

**SUMMONS IN A CIVIL ACTION**

Case No. 04CV2579 JM (AJB)

ON FIRST AMENDED COMPLAINT

TO: (Name and Address of Defendant)
        QSL CORPORATION, INC., a Massachusetts corporation

        YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon
PLAINTIFF'S ATTORNEY

Peter J. Schulz, Esquire
GRECO TRAFICANTE & EDWARDS
555 West Beech Street, Ste. 500
San Diego, CA 92101
Tel: (619) 234-3660/Fax: (619) 234-0646

An answer to the complaint which is herewith served upon you, within  <u>twenty (20)</u>  days after
service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.

FEB  2 2005

W. Samuel Hamrick, Jr.
CLERK
C. Silva

DATE

By                                       , Deputy Clerk

Summons in a Civil Action

::ODMA\PCDOCS\WORDPERFECT\14443\1 May 5, 1999 (11:34am)

AO-440S

Summons in a Civil Action (Rev 11/97)

# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA

FIGI ACQUISITION COMPANY, LLC, a Delaware
Limited Liability Company,

                                    Plaintiff,

**vs**

QSL CORPORATION, INC., a Massachusetts
Corporation; CKO DESIGNS, INC., a
Massachusetts Corporation; and KEVIN J.
QUINN, an individual,

                                    Defendants.

**SUMMONS IN A CIVIL ACTION**

Case No. 04CV2579 JM (AJB)

ON FIRST AMENDED COMPLAINT

TO: (Name and Address of Defendant)

        CKO DESIGNS, INC., a Massachusetts Corporation

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon PLAINTIFF'S ATTORNEY

Peter J. Schulz, Esquire
GRECO TRAFICANTE & EDWARDS
555 West Beech Street, Ste. 500
San Diego, CA 92101
Tel: (619) 234-3660/Fax: (619) 234-0646

An answer to the complaint which is herewith served upon you, within <u>twenty (20)</u> days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

W. Samuel Hamrick, Jr.
CLERK
C. Silva

FEB   2 2005

DATE

By                                        , Deputy Clerk

Summons in a Civil Action

::ODMA\PCDOCS\WORDPERFECT\14443\1 May 5, 1999 (11:34am)

AO-440S

# United States District Court

## SOUTHERN DISTRICT OF CALIFORNIA

FIGI ACQUISITION COMPANY, LLC, a Delaware
Limited Liability Company,

Plaintiff,

**vs**

QSL CORPORATION, INC., a Massachusetts
Corporation; CKO DESIGNS, INC., a
Massachusetts Corporation; and KEVIN J.
QUINN, an individual,

Defendants.

**SUMMONS IN A CIVIL ACTION**

Case No. 04CV2579 JM (AJB)

ON FIRST AMENDED COMPLAINT

TO: (Name and Address of Defendant)

KEVIN J. QUINN, an individual

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon PLAINTIFF'S ATTORNEY

Peter J. Schulz, Esquire
GRECO TRAFICANTE & EDWARDS
555 West Beech Street, Ste. 500
San Diego, CA 92101
Tel: (619) 234-3660/Fax: (619) 234-0646

An answer to the complaint which is herewith served upon you, within <u>twenty (20)</u> days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

FEB　2 2005

W. Samuel Hamrick, Jr.

CLERK

C. Silva

DATE

By _____, Deputy Clerk

Summons in a Civil Action

::ODMA\PCDOCS\WORDPERFECT\14443\1 May 5, 1999 (11:34am)

AO-440S

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of

QSL CORPORATION h/b/a WAXCESSORIES
CKQ DESIGNS, INC.

**SUMMONS IN A CIVIL ACTION**

V.

FIGI ACQUISITION COMPANY, LLC

CASE NUMBER:

# 05 - 10395 NG

TO: (Name and address of Defendant)

FIGI ACQUISITION COMPANY, LLC.
3636 Gateway Center Drive
San Diego, California 92102

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

John L. Welch and Ian J. McLoughlin
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600

an answer to the complaint which is served on you with this summons, within _twenty (20)_ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

MAR 1 - 2005

CLERK

DATE

(By) DEPUTY CLERK

SIGNED FOR ON
3/2/05

© O P Y

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 29  P 3: 02

U.S. DISTRICT COURT
DISTRICT OF MASS.

QSL CORPORATION d/b/a WAXCESSORIES  )
and CKQ DESIGNS, INC.,              )
                                   )
        Plaintiffs,                )
                                   )
        v.                         )       Civil Action No.
                                   )
FIGI ACQUISITION COMPANY, LLC,     )     05  10395 NG
                                   )
        Defendant.                 )
                                   )

## COMPLAINT AND JURY DEMAND

Plaintiffs QSL CORPORATION d/b/a WAXCESSORIES and CKQ DESIGNS,

INC., by their undersigned attorneys, by way of Complaint herein,

allege as follows:

1.    Plaintiff QSL CORPORATION d/b/a WAXCESSORIES is a

Massachusetts corporation having a place of business at 20 Commercial

Drive, Dracut, Massachusetts 01826.

2.    Plaintiff CKQ DESIGNS, INC. is a Massachusetts corporation

having a place of business at 20 Commercial Drive, Dracut,

Massachusetts 01826.

3.    On information and belief, Defendant FIGI ACQUISITION

COMPANY, LLC is a Delaware Limited Liability company having a place

of business at 3636 Gateway Center Drive, San Diego, California

92102, and is doing business in this judicial district.

- 1 -

4.    This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 in that the Complaint sets forth a count for patent infringement under Title 35 of the United States Code.

5.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

6.    Plaintiff QSL CORPORATION d/b/a WAXCESSORIES is the exclusive licensee, and Plaintiff CKQ Designs, Inc. is the assignee, of U.S. Patent No. 501, 205 entitled "Holder/Charging Stand for a Mobile Phone or the Like," which Patent duly issued on January 25, 2005 (the "'205 patent"). A true copy of the '205 Patent is attached hereto as Exhibit A.

7.    Plaintiffs have the exclusive rights to make, use, offer for sale, and sell mobile phone holders and/or charging stands embodying the invention of the '205 Patent.

8.    On information and belief, Defendant has been and is making, using, offering for sale, and and/or selling, mobile phone holders and/or charging stands embodying the invention of the '205 Patent, without authorization from Plaintiffs.

9.    The aforesaid actions of Defendant have continued despite Defendant having actual notice of the '205 patent as of its date of issuance on January 25, 2005. On information and belief, such actions have been taken in willful and flagrant disregard of Plaintiffs' patent rights under the '205 patent.

- 2 -

US00D501205S

(12) **United States Design Patent**
Quinn

(10) Patent No.: **US D501,205 S**
(45) Date of Patent: **＊＊** **Jan. 25, 2005**

(54) HOLDER/CHARGING STAND FOR A MOBILE PHONE OR THE LIKE

(75) Inventor: Kevin J. Quinn, Methuen, MA (US)

(73) Assignee: CKO Designs, Inc., Dracut, MA (US)

(＊＊) Term: 14 Years

(21) Appl. No.: 29/201,860

(22) Filed: Mar. 22, 2004

(51) LOC (7) Cl. ................................................ 14–03
(52) U.S. Cl. .................................................. D14/253
(58) Field of Search ..................... D14/137; 434, D14/138, 447, 148, 147, 149-151, 140-142, 240, 241, 251-253, 451, 218; 379/424, 449, 419, 420.01-420.04, 428.01-428.04, 440, 454, 455, 446; 455/550.1-90.3; D13/107, 108; 224/670, 197, 271; D3/218; 248/221.11, 231.31; 320/110-115

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D206,590 S | ＊ | 1/1967 | Haggstrom .................. D13/108 |
| 3,644,873 A | | 2/1972 | Dalton et al. ............... 439/299 |
| D275,482 S | ＊ | 9/1984 | Coons et al. ................ D14/253 |
| 4,741,034 A | ＊ | 4/1988 | Enrichiclte et al. ........ 379/455 |
| D313,221 S | | 12/1990 | Skully et al. ............... D13/108 |
| D334,384 S | ＊ | 3/1993 | Nye ............................ D14/149 |
| D345,728 S | ＊ | 4/1994 | Tynskl et al. .............. D13/108 |
| D392,282 S | ＊ | 11/1994 | Teh et al. ................... D14/150 |
| D357,990 S | | 5/1995 | Cheng et al. ............... D26/38 |
| 5,479,485 A | ＊ | 12/1995 | Saji ............................ 455/573 |
| D368,892 S | ＊ | 4/1996 | Tanaka ....................... D13/108 |
| D369,163 S | ＊ | 4/1996 | Leong et al. ................ D14/150 |
| D369,344 S | ＊ | 4/1996 | Lindeman et al. .......... D13/108 |
| 5,525,888 A | ＊ | 6/1996 | Toya .......................... 320/111 |
| D385,252 S | ＊ | 10/1997 | Snyder et al. .............. D13/108 |

| | | | |
|---|---|---|---|
| D396,053 S | ＊ | 7/1998 | Ahern et al. ............... D14/457 |
| D399,244 S | ＊ | 10/1998 | Coveley ..................... D18/12 |
| 5,946,637 A | ＊ | 8/1999 | Umbach et al. ............ 455/573 |
| D417,431 S | ＊ | 12/1999 | Okuro et al. ............... D13/108 |
| D422,556 S | ＊ | 4/2000 | Okura et al. ............... D13/107 |
| D428,597 S | ＊ | 7/2000 | Murata et al. .............. D13/108 |
| 6,130,521 A | ＊ | 10/2000 | Collins et al. .............. 320/115 |
| D433,991 S | ＊ | 11/2000 | Buchin et al. .............. D13/108 |
| D451,498 S | ＊ | 12/2001 | Rossel ........................ D14/218 |
| D460,446 S | ＊ | 7/2002 | Hughes et al. .............. D14/253 |
| D463,361 S | ＊ | 9/2002 | Roohoeaa ................... D13/108 |
| 6,505,716 B2 | ＊ | 1/2003 | Yi .............................. 320/115 |
| D471,578 S | ＊ | 3/2003 | Okaley ....................... D16/242 |
| 6,534,953 B2 | ＊ | 3/2003 | Shirikawa ................... 320/114 |
| D475,346 S | ＊ | 6/2003 | McClreach et al. ......... D13/108 |
| D477,823 S | ＊ | 7/2003 | Lavelle, Sr. ................ D14/253 |
| D480,393 S | ＊ | 10/2003 | Toor et al. .................. D14/253 |
| D486,786 S | ＊ | 2/2004 | Eroma et al. ............... D13/108 |

FOREIGN PATENT DOCUMENTS

WO  DM/061400  ＊  7/2002

＊ cited by examiner

*Primary Examiner*—Jeffrey Asch
(74) *Attorney, Agent, or Firm*—John L. Welch

(57) **CLAIM**

The ornamental design for a holder/charging stand for a mobile phone or the like, as shown and described.

**DESCRIPTION**

FIG. 1 is perspective view of the holder/charging stand for a mobile phone or the like according to our new design, as seen from the left front corner thereof.
FIG. 2 is right side elevational rear view thereof, the left side elevational view being a mirror image thereof.
FIG. 3 is a front elevational view thereof; and,
FIG. 4 is a top plan view thereof.

**1 Claim, 1 Drawing Sheet**



03/02/05  12:24 FAX 6192829852        FIGI EXECUTIVE
, 03/01/2005  16:38    617-832-    0        FOLEY HOAG LLP

**U.S. Patent**          Jan. 25, 2005          US D501,205 S



FIG. 1

FIG. 4

FIG. 3

FIG. 2