## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| QSL CORPORATION d/b/a WAXCESSORIES and CKQ DESIGNS, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 05-10395-NG |
| v. | ) ) | |
| FIGI ACQUISITION COMPANY, LLC, | ) ) ) | |
| Defendant. | ) ) | |

### FIGI's MOTION FOR LEAVE TO FILE REPLY BRIEF

The defendant, Figi, LLC (*f/k/a* Figi Acquisition Company, LLC), moves for leave to reply to Plaintiff's opposition to Figi's motion to transfer venue of this case to California. Figi believes that the short reply brief (attached) will aid the Court's determination of the issues presented in the pending motion to transfer.

The plaintiffs will not oppose this motion for leave.

ACCORDINGLY, Figi respectfully requests that the Court grant it leave and accept the attached reply brief for filing.

### LR 7.1 CERTIFICATE

Counsel for the parties conferred by telephone on March 30, 2005. Counsel for the plaintiffs stated that the plaintiffs will not oppose Figi's motion for leave to reply.

| | |
|---|---|
| Dated: March 30, 2005 | FIGI LLC |
| | *By its attorneys*, |
| | /s/ Erik Paul Belt |
| | Erik Paul Belt, BBO # 558620 |
| | BROMBERG & SUNSTEIN LLP |
| | 125 Summer Street |
| | Boston, Massachusetts 02110 |
| | Tel: (617) 443-9292 |
| | Facsimile: (617) 443-0004 |
| | ebelt@bromsun.com |

Of Counsel:

Peter J. Schulz, Esq.
Phillip McKenney, Esq.
GRECO TRAFICANTE & EDWARDS
555 West Beech Street, Suite 500
San Diego, CA 92101
tel. (619) 234-3660
fax. (619) 234-0626

02990/00501   374697.1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                    )
QSL CORPORATION d/b/a           )
WAXCESSORIES and                    )
CKQ DESIGNS, INC.,                     )
                                                    )
                    Plaintiffs,             )      Civil Action No. 05-10395-NG
                                                    )
          v.                                      )
                                                    )
FIGI ACQUISITION COMPANY, LLC,  )
                                                    )
                    Defendant.          )
_____)

**FIGI'S REPLY IN FURTHER SUPPORT OF**
**ITS MOTION TO TRANSFER VENUE**

Contrary to Plaintiffs' argument in their opposition to Figi's motion to transfer, the California court hearing Figi's declaratory judgment action does have personal jurisdiction over CKQ Design. Thus, transfer to California is proper under 28 U.S.C. § 1404. Specifically, whether or not CKQ itself does business in California, it is the owner and licensor of the design patent at issue. Accordingly, the threats of imminent litigation made by its licensee, QSL Corp., against Figi LLC (*f/k/a/* Figi Acquisition Company) can be imputed to CKQ for purposes of establishing personal jurisdiction in California.

Second, contrary to Plaintiffs' argument, the "congestion of dockets" does not favor Massachusetts. Indeed, according to Plaintiffs' own statistics, this "congestion" issue favors the Southern District of California, given the average time from filing to disposition and average time from filing to trial for civil actions.

I.      THE CALIFORNIA COURT HAS PERSONAL JURISDICTION OVER CKQ

The California court has personal jurisdiction over CKQ because the threats of imminent litigation made by its licensee, QSL, are imputed to CKQ for purposes of establishing jurisdiction.

More specifically, the design patent at issue in both this case and the California action, U.S. Patent D 501,205 ("the '205 patent"), identifies Kevin J. Quinn as the inventor and CKQ Designs, Inc., as the assignee. According to the *Affidavit of Sean M. Quinn* [Court Docket # 6], submitted in support of Plaintiffs' motion to enjoin prosecution of the California action, Kevin Quinn is the President of CKQ. His brother, Sean Quinn, is the CEO of QSL Corporation. Their mother, Carol A. Quinn, is the Chairperson of QSL and the Secretary of CKQ. Their father and sister also work in this family business. Both companies share the same address--namely, 20 Commercial Drive, Dracut, Massachusetts. See *Complaint and Jury Demand* [Court Docket # 1] at ¶¶ 1-2. Clearly, there is a close relationship between the two companies, and, given that CKQ has three employees (Kevin Quinn and his parents), and QSL has 45 employees, it may just be that QSL is a subsidiary of CKQ (or *vice versa*), or that CKQ is a holding or shell company set up to own the patent.

At the very least, QSL is alleged to be CKQ's exclusive licensee under the '205 patent. See *Complaint and Jury Demand* at ¶ 6.

In QSL's letter of January 25, 2005, to Figi's San Diego attorney, QSL threatens immediate litigation against Figi to enforce the '205 patent:

> If your client continues to import, make, use, or sell these products, or any other products that infringe the patent, our client will take such steps as are necessary to enforce its patent rights . . .Please immediately confirm that your client has ceased its infringing activities as of today.

See Exhibit E to Plaintiff's *Memorandum of Law in Support of Motion for an Order Enjoining*

*Defendant from Prosecuting California Declaratory Judgment Action* [Court Docket # 5].

This letter clearly states a threat that would give Figi reasonable apprehension of immediate suit and thus declaratory judgment jurisdiction under 28 U.S.C. § 2201. Earlier letters made similar threats. Accordingly, Figi was well within its right to file its declaratory judgment action in California.

At the very least, QSL has threatened Figi and thus can be sued in California. And by extension, CKQ has also threatened Figi with patent infringement. QSL's threats are imputed to the patentee, CKQ, as a matter of law. *See, e.g.*, *Dainippon Screen Mfg. Co. v. CFMT, Inc.*, 142 F.3d 1266 (Fed. Cir. 1999). In *Dainippon*, an accused infringer sued its competitor and its subsidiary (a holding company set up to hold the competitor's intellectual property), seeking a declaration of invalidity and non-infringement of the asserted patent. The competitor was the holding company's exclusive licensee under the patent. The two companies shared officers and employees in common.

The district court dismissed the case for lack of personal jurisdiction over the holding company, and the Federal Circuit reversed on appeal. The Federal Circuit held that personal jurisdiction was proper over the holding company <u>as a matter of law</u>. In particular, the Federal Circuit held that enforcement threats made by the competitor "are attributable (at a minimum) to [the holding company]. 142 F.3d at 1270. The Federal Circuit went on to hold that, for this reason, and also given the close relationship between the holding company and its exclusive licensee, jurisdiction over the exclusive licensee could be imputed to the holding company as well. *Id.* at 1271.

Although CKQ and QSL may technically be separate corporations, they appear to share the same address and same officers and employees--namely, the Quinn family. The two companies are connected by both blood and, at the very least, the exclusive license agreement. And in all

probability, as the licensor, CKQ profits from QSL's business dealings in California, whether through royalties on sales in California or other license fees. Thus, the threats by QSL for patent infringement can clearly be imputed to the patentee, CKQ. Under *Dainippon*, the California court may properly exercise jurisdiction over CKQ as a matter of law.

Alternatively, if this Court determines that California has no jurisdiction over CKQ, it should at least stay this litigation until the patent battle is fought in the first-filed California action.

## II.   THE RELATIVE CONGESTION OF COURT DOCKETS FAVORS THE SOUTHERN DISTRICT OF CALIFORNIA

In support of its opposition to Figi's motion to transfer, Plaintiffs attached Caseload Profiles for the Southern District of California and the District of Massachusetts. A close review of these statistics, however, shows that it will take longer to resolve the case in Boston than it will in San Diego. Specifically, the average time from filing to disposition for civil cases in the Southern District of California over the past three years is from 6.4 months to 6.9 months, while the average time from filing to disposition over the same period in the District of Massachusetts is from 9.4 to 11.5 months. Likewise, the average time from filing to trial for civil matters in the Southern District of California ranges from 21 to 30 months, while average time in the District of Massachusetts ranges from 25 to 31 months. Therefore, the public interest factors cited by Plaintiffs actually favor transferring the case to the Southern District of California.

**CONCLUSION**

For the foregoing reasons, as well as the reasons set forth in Figi's opposition to Plaintiff's motion to enjoin defendants from proceeding in California, FIGI respectfully requests that this Court grant the motion to transfer venue to the Southern District of California, and enjoin or at least stay this action in the District of Massachusetts.

Dated: March 30 , 2005                              FIGI, LLC
                                                    *By its attorneys*

                                                    /s/ Erik Paul Belt
                                                    Erik Paul Belt, BBO # 558620
                                                    BROMBERG & SUNSTEIN LLP
                                                    125 Summer Street
                                                    Boston, Massachusetts 02110
                                                    Tel: (617) 443-9292
                                                    Facsimile: (617) 443-0004
                                                    ebelt@bromsun.com

Of Counsel:

Peter J. Schulz, Esq.
Phillip M. McKenney, Esq.
GRECO TRAFICANTE & EDWARDS
555 West Beech Street
Suite 500
San Diego, CA 92101
Tel: (619) 234-3660
Fax: (619) 234-0626

02990/00501 374625.1