UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| QSL CORPORATION d/b/a<br>WAXCESSORIES and<br>CKQ DESIGNS, INC.,<br><br>              Plaintiffs,<br><br>           v.<br><br>FIGI ACQUISITION COMPANY, LLC,<br><br>              Defendant. | Civil Action No. 05-10395-NG |

## ANSWER, COUNTERCLAIM, AND DEMAND FOR JURY

### ANSWER

Figi, LLC, f/k/a/ Figi Acquisition Company, LLC ("Figi"), by and through its counsel, answers the numbered allegations of the Complaint as follows:

1. Figi admits the allegations of Paragraph 1 of the Complaint.

2. Figi admits the allegations of Paragraph 2 of the Complaint.

3. Figi admits that Figi Acquisition Company, LLC was a Delaware limited liability company having a place of business at 3636 Gateway Center Drive, San Diego, California 92102, and was doing business in this judicial district.

4. Paragraph 4 of the Complaint states legal conclusions to which no answer is required. To the extent an answer is required, however, Figi admits that the Complaint sets for a count for patent infringement and admits that the Court thus has subject matter jurisdiction.

5. Paragraph 5 of the Complaint states legal conclusions to which no answer is required. To the extent an answer is required, however, Figi admits that venue is proper is this judicial district, but denies that venue is appropriate under 28 U.S.C. §1404. Figi has moved to transfer this case to the Southern District of California, which is the more appropriate venue for this action.

6. Figi is without sufficient information or belief to admit or deny the allegations in Paragraph 6, and therefore denies each and every allegation contained therein.

7. Figi is without sufficient information or belief to admit or deny the allegations in paragraph 7, and therefore denies each and every allegation contained therein.

8. Figi denies the allegations of Paragraph 8 of the Complaint.

9. Figi denies the allegations of Paragraph 9 of the Complaint.

10. Figi denies the allegations of Paragraph 10 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

FIGI has not infringed, is not now infringing, and is not threatening to infringe the valid scope, if any, of the patent in suit.

### Second Affirmative Defense

The patent in suit is invalid for failure to comply with one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

### Third Affirmative Defense

The Plaintiffs' claims are barred in whole or in part under the equitable doctrines of laches, estoppel, and/or unclean hands.

**Fourth Affirmative Defense**

The claims of the patent in suit are invalid and/or void because such claims are indefinite and ambiguous and, therefore, do not particularly point out the distinctive claim, within the meaning of the patent laws, the subject matter of which the patentee regards as his own invention.

**Fifth Affirmative Defense**

Plaintiffs have misused the patent in suit to obtain an illegal monopoly and to restrain interstate and foreign trade and commerce in the manufacture, distribution, and sale of ceramic cell phone holders in violation of Sections 1 and 2 of the Sherman Act, 15 USCA §§ 1 and 2, and is thus precluded from enforcing the patent against Figi.

**Sixth Affirmative Defense**

Plaintiffs have failed to state a claim upon which relief may be granted.

**Seventh Affirmative Defense**

Figi reserves the right to assert additional defenses as they become apparent during the course of this litigation.

**PRAYER FOR RELIEF**

Based upon the foregoing, Figi prays for the following relief:

1. That Plaintiffs take nothing by way of their complaint.

2. That Figi be entitled to recover its attorneys' fees and costs if recoverable pursuant to statute or agreement.

3. That the Court grant Figi such other and further relief as may be just and

equitable.

## FIGI'S COUNTERCLAIM

### DECLARATORY RELIEF OF PATENT INVALIDITY AND NONINFRINGEMENT AND DECLARATORY RELIEF OF NON-INFRINGEMENT OF TRADE DRESS

Counterclaimant, Figi, LLC (f/k/a FIGI ACQUISITION COMPANY, LLC) (hereafter "Figi"), alleges as follows:

### THE PARTIES

1. Figi is a Delaware Limited Liability Company, doing business in the State of California, with its principal place of business located within the State of California.

2. QSL CORPORATION, ( "QSL") is a corporation, incorporated under the laws of the State of Massachusetts, with its principal place of business located within the State of Massachusetts.

3. CKO DESIGNS, INC., (hereinafter "CKO") is a corporation, incorporated under the laws of the State of Massachusetts, with its principal place of business located within the State of Massachusetts.

### JURISDICTION AND VENUE

4. This is an action seeking declaratory relief regarding the validity of an alleged United States Patent as well as declaration of noninfringement of an alleged United States Patent. As such, Figi's claims arise under federal law and involve federal questions as to each parties' rights and available remedies, pursuant to the Acts of Congress relating to patents. Jurisdiction therefore exists pursuant to 28 U.S.C. § 1338(a)-(b).

5.      Personal jurisdiction and venue in the United States District Court for the District of Massachusetts are proper, subject to Figi's motion pursuant to 28 U.S.C. §1404, as both Counterclaimant and Counter-defendants conduct business in the District of Massachusetts.

## FACTUAL ALLEGATIONS

6.      Figi designs, manufactures, and distributes a product line known as Ceramic Cell Phone Holders. Ceramic Cell Phone Holders are decorative ceramic art with the functional capacity of being able to hold a cell phone with an opening below, which allows for the charger cord of the phone to go unseen and still provide charging features for the phone. The decorative holders are similar in shape to cell phone "base chargers" offered by the many manufacturers of cell phones, but are intended to be more decorative.

7.      Plaintiffs/Counter-defendants allegedly design and market ceramic accessories, including ceramic cell phone holders, marketed under the name PHONE WHERE.

8.      On November 17, 2004, QSL sent a cease-and-desist letter to Figi regarding its sales of its Ceramic Cell Phone Holders. QSL based this demand to cease and desist on its claim of trade dress protection over the shape of the cell phone holder, along with unspecified patent protection over the cell phone holder's design and/or utility.

9.      On November 19, 2004, Figi responded to QSL's cease-and-desist demand on the basis that QSL had not provided any evidence of ownership of protectable intellectual property rights, or any useful information that would allow Counterclaimant to analyze the demand. Further information was again requested on November 30, 2004.

10.     On December 6, 2004, QSL responded by continuing to assert trade dress rights and unspecified patent protection without providing any further information, and advised

Counterclaimant that its continued sales would be "at its peril."

11. On January 25, 2005, QSL demanded that Figi cease and desist the further import, manufacture, use, or sale of the following FIGI products:

      Vineyard Cell Phone Holder   CEL-VIN-101

      Roses Cell Phone Holder     CEL-ROS-101

      Butterfly Cell Phone Holder   CEL-BTF-101

      Fishing Cell Phone Holder    CEL-FSH-101

      Teddy Bear Cell Phone Holder  CEL-TBR-101

      Cat Cell Phone Holder       CEL-CAT-102

      Sailing Cell Phone Holder    CEL-SLG-101

      Hummingbird Cell Phone Holder   CEL-HBD-101

      Golf Cell Phone Holder      CEL-GLF-101

12. Enclosed with this January 25, 2005, cease and desist letter was a copy of US Design Patent D501,205, which issued that same day, and which QSL had referred to in previous correspondence.

13. On January 25, 2005, Counterdefendants furthermore alleged that other products manufactured, advertised, and/or sold by Figi were also infringing U.S. Design Patent D501,205.

14. The patent identifies CKO as the assignee.

15. In light of Counterdefendants' unspecified allegations of trade dress infringement, allegations of patent infringement, and threat of litigation, Figi requires a judicial declaration from this Court that its Ceramic Cell Phone Holders do not infringe any intellectual property rights of Counterdefendants, and that Counterdefendants' U.S. Patent D501,205 is invalid and/or

unenforceable.

16. An actual controversy has arisen and now exists between the parties as to: (a) the validity of U.S. Patent D501,205; (b) the alleged infringement of U.S. Patent D501,205; (c) the validity of Counterdefendants' alleged trade dress, if any, over the shape of its ceramic cell phone holder; and (d) the alleged infringement of Counterdefendants' alleged trade dress.

17. Accordingly, Figi desires a judicial declaration by this Court as to each parties' rights.

18. A declaratory judgment is necessary in that Figi contends, and Counterdefendants deny, that: (a) U.S. Patent D501,205 is invalid; (b) Figi's products do not infringe U.S. Patent D501,205; (c) Counterdefendants do not own protectable trade dress over the shape of their ceramic cell phone holder; and (d) Figi has not infringed any trade dress rights of Counterdefendants.

**PRAYER FOR DECLARATORY JUDGMENT**

WHEREFORE, Figi prays for a declaratory judgment against Counterdefendants as follows:

1. That U.S. Patent D501,205 is invalid;

2. That Figi has not infringed, nor has it ever sold or offered for sale any product that infringes, U.S. Patent D501,205;

3. That the design and shape of Counterdefendants' ceramic cell phone holder is not protectable trade dress;

4. That Figi has not infringed Counterdefendants' alleged trade dress;

5. That Figi be awarded its costs, expenses, and attorneys' fees; and

6. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

FIGI respectfully demands a trial by jury.

Dated: April 5, 2005

FIGI, LLC
*By its attorneys*

/s/ Erik P. Belt
Erik Paul Belt, BBO # 558620
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, Massachusetts 02110
Tel: (617) 443-9292
Facsimile: (617) 443-0004
ebelt@bromsun.com

Of Counsel:

Peter J. Schulz, Esq.
Phillip McKenney, Esq.
GRECO & TRAFICANTE
555 West Beech Street
Suite 500
San Diego, CA 92101
Tel: (619) 234-3660
Fax: (619) 234-0626