UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
QSL CORPORATION d/b/a WAXCESSORIES )
and CKQ DESIGNS, INC.,             )
                                   )
        Plaintiffs,                )
                                   )
                v.                 )   Civil Action No.
                                   )      05-cv-10395
                                   )
FIGI ACQUISITION COMPANY, LLC,     )
                                   )
        Defendant.                 )
_____)

## REPLY TO FIGI'S COUNTERCLAIM

Pursuant to the Federal Rules of Civil Procedure, plaintiffs QSL Corporation d/b/a Waxcessories ("QSL") and CKQ Designs, Inc. ("CKQ") reply to the Counterclaim of defendant Figi Acquisition Company, LLC ("Figi") as follows:

As to the numbered averments of the Counterclaim, QSL and CKQ:

1.  Admit the allegations of paragraph 1, but further state that Figi is also doing business in Massachusetts.

2.  Admit the allegations of paragraph 2.

3.  Admit the allegations of paragraph 3.

4.  State that the allegations of paragraph 4 contain legal characterizations and/or legal conclusions, as to which no response is required.  To the extent a response is required, QSL and CKQ deny the allegations of paragraph 4.

- 1 -

5. Admit that personal jurisdiction and venue in the United States District Court for the District of Massachusetts is proper (regardless of Figi's motion pursuant to 28 U.S.C. § 1404) and admit that QSL, CKQ, and Figi conduct business in Massachusetts.

6. Admit that Figi designs, manufactures, and distributes mobile phone holders and/or charging stands embodying the invention of plaintiffs' U.S. Patent No. 501, 205 entitled "Holder/Charging Stand for a Mobile Phone or the Like," which Patent duly issued on January 25, 2005 (the "'205 Patent"), but otherwise are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore deny them.

7. Admit the allegations of paragraph 7.

8. Admit that counsel for QSL sent a letter to Figi dated on or about November 17, 2004, which speaks for itself. To the extent Figi purports to characterize the contents of such letter, that characterization is denied.

9. Admit that counsel for Figi sent letters to counsel for QSL dated on or about November 19, 2004 and November 30, 2004, which speak for themselves. To the extent Figi purports to characterize the contents of such letters, that characterization is denied.

10. Admit that counsel for QSL sent a letter to counsel for Figi dated December 6, 2004, which speaks for itself. To the

extent Figi purports to characterize the contents of such letter, that characterization is denied.

11.   Admit that counsel for QSL sent counsel for Figi a letter on or about January 25, 2005, which speaks for itself. To the extent Figi purports to characterize the contents of such letter, that characterization is denied.

12.   Admit that counsel for QSL sent counsel for Figi a letter on or about January 25, 2005, which speaks for itself, and which enclosed the '205 Patent, which also speaks for itself. QSL and CKQ further state that any "previous correspondence" referenced in paragraph 12 speaks for itself. To the extent Figi purports to characterize the contents of the January 25, 2005 letter, the '205 Patent, or any other correspondence, that characterization is denied.

13.   Admit that counsel for QSL sent counsel for Figi a letter on or about January 25, 2005, which speaks for itself. To the extent Figi purports to characterize the contents of such letter, that characterization is denied.

14.   Admit that U.S. Patent No. 501,205 entitled "Holder/Charging Stand for a Mobile Phone or the Like," duly issued on January 25, 2005, and speaks for itself. To the extent Figi purports to characterize the contents of the '205 Patent, that characterization is denied.

15.   Deny the allegations of paragraph 15.

16.	Admit that an actual controversy may exist as set forth in paragraph 16(a) and (b), but denies that an actual controversy exists as set forth in paragraphs 16(c) and (d) because, as Figi knows, QSL and CKQ are not claiming that Figi has infringed any trade dress.

17.	Are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and therefore deny them.

18.	Deny the allegations of paragraph 18.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim should be dismissed and/or the relief requested denied because it fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Counterclaim should be dismissed and/or the relief requested denied as a result of Figi's own acts, omissions, course of conduct, including without limitation Figi's bad faith.

### ADDITIONAL DEFENSES

QSL and CKQ reserve the right to add such other and further defenses as become apparent during the course of discovery.

WHEREFORE, QSL and CKQ respectfully request that the Counterclaim be dismissed with prejudice, that QSL and CKQ be awarded

their fees and costs incurred in defending this Counterclaim, and that QSL and CKQ be awarded such other and further relief as the Court deems appropriate.

                                  Respectfully submitted,

                                  QSL CORPORATION d/b/a WAXCESSORIES and CKQ DESIGNS, INC.,

                                  By their attorneys,

                                  _/s/ Ian J. McLoughlin_
                                  John L. Welch   BBO No. 522,040
                                  Ian J. McLoughlin   BBO No. 647,203
                                  FOLEY HOAG LLP
                                  155 Seaport Boulevard
                                  Boston, MA   02210
                                  617/832-1000

Dated: April 25, 2005